30 C.C.P.A.(Patents)

## In re PLUMMER.

### Patent Appeal No. 4628.

Court of Customs and Patent Appeals.
July 6, 1942.

Pike H. Sullivan, of Chicago, Ill., and George L. Parkhurst, of Washington, D. C., (Donald E. Payne, of Chicago, Ill., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting all of the claims, 1 to 11 inclusive, and 13 and 15, of appellant's application for a patent for new and useful improvements in "Processing Well Fluids". The rejection of claim 14 by the examiner was reversed by the board. All of the claims of the application are method claims.

According to the specification: "This invention relates to methods of hydrocarbon conversion and recycle which are particularly applicable to use in connection with wells of the so-called distillate or condensate type although applicable also in connection with production from other types of wells when it is desired to cycle gases to repressure an underground formation."

In the process of appellant the well fluids are taken from a producing well, and gas produced in the process is compressed and returned into an input well.

Claim 1 is illustrative and reads as follows: "1. A method of manufacturing liquid hydrocarbons and supplying gas to a sub-surface petroleum reservoir comprising producing well fluids comprising polymerizable normally gaseous hydrocarbons, polymerizing at least a major part of said polymerizable normally gaseous hydrocarbons, fractionating the polymerization products into at least one gas fraction and at least one liquid fraction, compressing said gas fraction, and injecting said compressed gas into said sub-surface petroleum reservoir."

The references relied upon are:

Bird, 1,656,813, January 17, 1928.
Walker et al., 2,080,351, May 11, 1937.
Vaughan, 2,133,774, October 18, 1938.
Bays, 2,135,319, November 1, 1938.
Bays, 2,156,234, April 25, 1939.
Walker et al., 2,174,336, September 26, 1939.

Other references were cited but not relied upon or discussed by the board.

It will not be necessary to discuss separately the patents to Bays, Walker et al., and Vaughan. Those patents were cited by the examiner as indicating that it was old in the prior art to take gas and oil from a distillate well, run the product through a separating or refining process of some kind, and return the gas produced from the said process back into the well.

The Bird patent discloses the production of gasoline from permanent gases usually obtained from oil and gas wells, and was cited by the examiner as disclosing an example of a polymerization process.

The examiner, in his statement rejecting the claims, stated as follows: "The claims were all rejected as drawn to the old combination shown in either one of the Bays or Walker or Vaughan patents cited, of withdrawing oil and gas from the ground, separating the oil and gas, and recycling the gas into the formation. It would not require invention to use the polymerization process in view of the patent to Bird, who shows polymerizing gasoline from high pressure well fluids directly from the well. Bird is regarded as showing a distillate well and Vaughan, Bays and Bays as operating on distillate wells, Bays 2,135,319 speaking of retrograde condensation on page 1, lines 20 to 22, right side."

Appellant does not question the disclosures in the references relied upon, but contends that the combinations defined in the appealed claims are patentable over the prior art in that he alleges they call for entirely new combinations for the reason, it is said, that they recite a number of steps, the majority of which are not found in the prior art, and that old steps which are shown therein are necessarily present in the involved claims in order to define the invention and "because the new and old steps are functionally interwoven".

Appellant in his brief, using claim 1 as an example, states that the only step of the combination relied upon by the tribunals of the Patent Office for rejecting the claims is "producing well fluids comprising polymerizable normal gaseous hydrocarbons". In other words, he contends that his combination is new for the reason that it calls for the steps of polymerization, fractionation of the polymerization products into at least one gas fraction and at least one liquid fraction, compressing the gas fraction and injecting the compressed gas into the sub-surface petroleum reservoir.

■ ■ This contention is literally true for the reason that the references do not disclose the steps of the combination as urged by appellant. However, there can be no question but that the prior art as shown in Bays, Walker et al., and Vaughan shows the taking of oil and gas from a distillate well, putting this product through a refining process of some type and returning the gas recovered from the process into the formation from which it came. Appellant contends that the prior art does not show the chemical refining such as is accomplished by his process in polymerization. Refining, however, as defined by the lexicographers refers to the making fine or pure or free from extraneous matters. Clearly the separation shown by Bays, Walker et al., and Vaughan, in separating the oil and gas initially present in the well fluids, and a return of the gas into the formation from which it came, discloses a separation or refinement of the gas and the oil from the well fluid as it comes from the well.

It seems to us that the only difference that is shown between the rejected claims and the Bays, Walker et al., and Vaughan patents is the polymerization step of appellant. Polymerization of normal gaseous hydrocarbons is old as shown in the Bird reference and our decision here must hinge upon whether or not it is invention over the prior art to combine the polymerization of Bird with the processes disclosed in Bays, Walker et al., and Vaughan.

It seems to us that, in general, the separation step shown in the involved claims by means of polymerization is the equivalent in a patentable sense of any other separating step as shown in the prior art, and we agree with the examiner that "every improvement in the type of separation step does not constitute a new combination * * *", whether it be polymerization, distillation, fractionation or any other means or method of separating the gas from the oil.

■ That appellant has an invention for recovering distillate hydrocarbons from high pressure well fluids, and for the manufacture of additional amounts of motor fuel hydrocarbons from distillate well fluids, is admitted by the allowance of claim 14. However, in our opinion the addition of the polymerization process to the other elements of the combination disclosed in the claims on appeal does not lend patentability to the claims as combination claims. The

fact that some elements of a claimed combination are novel and possibly patentable as individual elements does not render the combination containing them patentable in the absence of novel cooperative relation in the combination itself. See In re Maybach, 107 F.2d 610, 27 C.C.P.A., Patents, 732. We can perceive no novel cooperative relation between the polymerization step and the other steps in the combination defined by the involved claims for the reason that the cycle between the well fluid and return of the gas to the sub-surface reservoir is not changed by the fact that the kind of gas that is returned by appellant differs from that which is shown to be returned in the prior art patents. The polymerization step is not necessary to the cycle and therefore in our opinion the tribunals of the Patent Office committed no error in rejecting the involved claims.

For the reasons herein stated the decision of the Board of Appeals is affirmed.

Affirmed.

LENROOT, Associate Judge, took no part in the consideration or decision of this case.