494

Affirmed.

30 C.C.P.A. (Patents)

**In re COOK.**

**Patent Appeal No. 4683.**

Court of Customs and Patent Appeals.

March 1, 1943.

John D. Rippey, of St Louis, Mo., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellant, Walter Cook, filed his application in the United States Patent Office for an improvement in a mining drill coupling. The Primary Examiner rejected claims 1 to 6, inclusive (all the claims in the application) and upon appeal to the Board of Appeals, the examiner's decision was affirmed. From the decision of the board, appellant has here appealed.

In view of our conclusion, claim 1 is representative of all the claims and reads as follows:

"1. In a mining drill coupling, a coupling element adapted to extend into a complementary socket in an adjacent drill section and having a radial well therein provided with a bottom integral with said element, a latch bolt mounted in said well for movements bodily longitudinally of its axis and radially with respect to said element for engagement with and disengagement from said drill section and having a beveled wall beyond the surface and toward the end of said element, a spring in said well for actuating said latch bolt bodily in an outward direction along its longitudinal axis and radially with respect to said element, and a latch pin rigid in said element engaging and limiting extent of outward bodily movement of said latch bolt and also preventing said latch bolt from turning in said well."

The references relied upon are: Spear 389,335 Sept. 11, 1888; Rassieur 2,088,759 Aug. 3, 1937; German patent 267,304 Nov. 14, 1913; British patent 394,890 July 6, 1933.

Appellant's application describes the alleged invention as relating to a mining drill coupling which has "special reference to coupling devices for use in attaching a drill head to an auger, and to coupling devices for attaching together different auger sections or elements to make up a complete auger longer than any one of the elements." The drill head carries one coupling element, which extends into an opening in another coupling element. This, of course, is a conventional arrangement. The alleged invention at bar relates to a means for holding the coupling elements in connected relation with each other. This is done by providing in the one coupling element a well, in the bottom of which is a spring which presses upwardly against a latch bolt. This bolt is beveled on the upper end, and when the coupling is made the bolt will be pushed downwardly against the spring until the bolt finally snaps into an opening in the other coupling element. The bolt has a notch into which a pin extends in order to limit the outward movement of the bolt and also to prevent it from turning inside the well.

The above-described construction is the basis for claims 1, 2, 3, and 5, which are drawn to Fig. 1 of the drawings. Figs. 5, 6, and 7 of the drawings show a modification relating to the pin and other modifications to which claims 4 and 6 are drawn, but which are immaterial in view of our conclusion.

The examiner rejected all the claims as involving an old and exhausted combination and pointed out that the British patent showed the combination to be old. He stated that if there were any novelty in applicant's device, it resided in the latch bolt arrangement alone and not in a combination of the latch bolt and the things which are to be coupled. The examiner also rejected all the appealed claims for want of patentability in view of the prior art. The board agreed with both grounds of rejection of the examiner.

In view of our conclusion it is not necessary for us to consider the prior art, except in so far as it illustrates the fact that appellant's combination claims are drawn to an old combination. All the claims combine the latch bolt, which they describe, with the parts to be connected. Appellant contends that the claims are definite in defining "the specific form of latch" but argues that the remaining language of the claims is in the form of a preamble which performs "the function of completing the setting of the invention and serving as an actual limitation."

It seems obvious to us that the appealed claims do not fall within the class of claims involved in the decisions cited in appellant's brief. In those decisions it was

held that in some instances, introductory statements in claims should be regarded as limitations. Regardless of whether or not the language in controversy is a limitation, it is more than that. The appealed claims actually combine appellant's allegedly improved latch (which the Patent Office tribunals held to be anticipated by the prior art) with the structure to be coupled and recite the relationship between the latch bolt and the adjacent parts.

It is an old expedient, as is shown by the British patent and other patents of record, to take parts of mining drills or of other articles which require connection and make one part fit into a socket of another and have a hole or well containing a pin. Not only is this shown to be old in the art of record, but it is an expedient so old that it might well be said to be within the common understanding. Ofttimes an improvement of a part requires the inventor to adjust it with the device to which it belongs in such a manner as to be a new and useful combination, which, as a combination, brings about a new and useful result other than that merely flowing from the new part itself. If so combining the elements requires the exercise of the inventive faculty, he then may be regarded as an inventor of the combination.

■ Appellant claims to have made an improvement in the particular kind of bolt or latch device which goes into the hole or well. The improvement, obviously, is not in a new combination. His improvement fits into the combination in the same manner as other latch or bolt devices fit into the combination. As a combination, he obtains no new results, and if he otherwise obtains any new result, it flows from his latch improvement. The old elements of the combination perform their function in the same old way. There is no new coaction between parts of the combination.

Having arrived at this conclusion, it seems hardly necessary to further discuss the law because it is so well settled as to admit of no controversy. This and other courts, on many occasions, have passed upon this question. Appellant has cited no authorities on the subject. The following are pertinent authorities: In re Germantown Trust Co., Executor, 57 F.2d 365, 19 C.C.P.A., Patents, 1140; In re Hawley, 26 App.D.C. 324; In re Ratican, 36 App.D.

C. 95; Langan v. Warren Axe & Tool Co., 3 Cir., 184 F. 720; In re Buckwalter, 75 F.2d 515, 22 C.C.P.A., Patents, 1031; In re Reed and Lamie, 76 F.2d 907, 22 C.C.P.A., Patents, 1182; In re Weber, 88 F.2d 489, 24 C.C.P.A., Patents, 1040; In re Harris, 107 F.2d 623, 27 C.C.P.A., Patents, 757; In re Land, 109 F.2d 246, 27 C.C.P.A., Patents, 863; In re Land, 109 F.2d 251, 27 C.C.P.A., Patents, 869; and In re Allatt, 121 F.2d 545, 28 C.C.P.A., Patents, 1367.

■ In the Germantown Trust Co. case, supra [57 F.2d 366], we said: " * * * A combination, to be patentable as such, must disclose a novelty of co-operation between its elements which produces a new result and amounts to invention, and the mere fact that some elements are themselves novel and possibly patentable as individual elements does not render the combination containing them patentable in the absence of such novel co-operative relation in the combination itself."

In Re Harris, supra [107 F.2d 624], we said:

"The only question here is whether or not claim 8 defines a patentable novel combination. * * * Any improvement in result that may be brought about in the combination of mirror and light source is entirely due to the characteristics of the new element (the mirror). There is no novel cooperation between this new element and the other elements of the prior art combination.

* * * * *

"We, therefore, conclude that claim 8 fails to define a patentably novel combination in view of the cited prior art."

■ Numerous other authorities could be cited and quoted from, sustaining the rule that a new improvement on a part of a device does not necessarily entitle one to a patent claim which purports to define invention in the combination of the new device with the old elements.

Believing, as did the tribunals of the Patent Office, that appellant has made no new and inventive combination, we think that the board's affirmance of the decision of the examiner rejecting the appealed claims upon the ground of old combination was proper. The board's decision is therefore affirmed.

Affirmed.