**33 C.C.P.A.(Patents)**

## In re PINEO.
## Patent Appeal No. 5191.

Court of Customs and Patent Appeals.
June 11, 1946.

Robert Ames Norton, of Stamford, Conn. (Edmund H. Parry, Jr., of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The application for a patent involved in this appeal was filed by Orrin Weston Pineo. The application was assigned to the American Cyanamid Company. The said Pineo is deceased.

The claims in the instant application, numbered 6, 7, 8 and 9, relate to improvements in flickering beam spectrophotometers.

Upon appeal from the decision of the Primary Examiner, the Board of Appeals of the United States Patent Office affirmed the action of the examiner in finally rejecting all of the claims, and it is from the decision of the board that appellant has here appealed.

Claim 6, which is regarded as illustrative, reads: "6. In a recording spectrophotometer having a movable photometering element linked to a unit of a recording

device and operated by a motor in response to light passing through the photometering element and a variable transmission in the linkage between the photometering element and recording unit, the improvement which comprises a cam follower in operative relationship with the photometering element, a rotatable shaft adapted to be shifted laterally, a plurality of cams fixed on the shaft whereby a lateral movement of the cam shaft will bring a selected cam into engagement with the cam follower and means adapted to actuate said recording unit in response to angular rotation of the cam shaft."

In rejecting the four involved claims, the examiner cited as a reference the deceased Pineo's own patent, No. 2,218,357, October 15, 1940. The examiner rejected all four claims upon the ground that they were drawn to an old combination, and, in a statement which is so unusually full and clear on the particular issue with which we are here concerned that we feel justified in quoting from it at some length, said:

"In the present application, a spect[r]ophotometer of the same general construction as that in the Pineo patent is shown in outline. The specific improvement is in the drive mechanism between the motor 8 and prism 6 (corresponding to motor 14 and prism 16 of the Pineo patent). In this construction, the motor 8 drives shaft 25 which carries a series of cams 26 * * *. To rotate the prism, a push rod 16 is connected to the prism * * * and engages one of the cams. Thus rotation of the cam pushes the rod 16 and rotates the prism 6, the ratio of movement of the shaft 25 and prism 6 depending on the shape of the cam.

"The cam shaft 25 may be adjusted longitudinally by knob 50 to selectively position different cams 26 in engagement with the rod 16, a solid portion 40 forming a bearing for the end of the rod when the cams are shifted. Thus when it is desired to shift from one cam to the next, the shaft 25 is turned manually until the portion 40 is in engagement with the rod 16 and the cams 26 are shifted until the selected one is positioned to actuate rod 16.

"The claims have been rejected as drawn to an old combination of the variable ratio drive with a spectrophotometer mechanism, as the cooperation of the drive mechanism with the light transmitting apparatus does not differ from the disclosure of Pineo. In drafting these claims, applicant has attempted to avoid the form of combination claims. But as the claims are readable in their entirety only on the complete spectrophotometer mechanism and would require such mechanism for infringement, it is clear that in reality the combination is claimed. See In re Harris, 107 F.2d 623, [27 C.C.P.A., Patents, 757], 510 O.G. 776; wherein the Court of Customs and Patent Appeals held claims of similar form to be drawn to an old combination.

"Also, it is clear that applicant considers that the claims are to the combination, as he states that 'He created an entirely new spectrophotometer'. (Amendment of July 17, 1943) And in the letter of August 9, 1943 is the statement that 'applicant further modified his claims and pointed out that he was not merely claiming an improvement in one element of an old spectrophotometer but, in fact, an entirely new machine'.

\* \* \* \* \* \*

"Since the patentability of combination claims is independent of the novelty of the several elements, it may be assumed for purposes of consideration of the combination that the elements themselves are old. The claims may then be tested by determining whether the association of such old elements would be inventive.

"Applying this test to the present claims, it may be assumed that the particular variable ratio drive mechanism is old. The light transmitting mechanism is admittedly old, in fact, such mechanism is not even illustrated. But the sole operation of the variable drive mechanism in this combination is to rotate the prism according to the selected function desirable. That is, to drive the prism through a selected cam. This operation is also that of the Pineo patent. Substitution of the drive mechanism shown for that of Pineo may provide a simple and more convenient arrangement for shifting from one drive ratio to an-

other. However, such simplicity and convenience is due solely to the operation of the drive mechanism. Its cooperation with the prism is the same as in the Pineo patent. Therefore such substitution of the present form of drive mechanism for that shown in Pineo does not involve invention and the association of elements shown is not patentable."

When appeal was taken to the board, it not only affirmed the examiner's rejection on the ground of old combination but went further and, in its first opinion, expressed the view that all of the elements of the combination in the claim were old and that the examiner, as they viewed his opinion, had so held. Upon request for reconsideration, the board reversed itself as to the second ground of rejection and withdrew the same, but affirmed the examiner's rejection on the ground of old combination.

The law is so well-settled on this question that it would not be helpful here to belabor the issue. It seems clear to us that the examiner and the board were correct in holding that even though the drive mechanism element was new and in itself involved invention this fact alone would not avoid the settled doctrine that if invention rests in an element of a combination an applicant is not entitled to a combination claim involving that element unless the element coacts with the other elements in such a way as to bring about a new, unexpected and beneficial result flowing from such new combination.

There is not any new coaction between the element here stressed by appellant and the other parts of the combination defined in the claims. The new element functions in the old way and even though it may make for an improved machine, the invention, if any, rests clearly in the new element and should have been so defined.

The only improvement that appellant has made, irrespective of whether it is inventive or not, is in the cam mechanism and in nothing else. The following authorities are cited by the Solicitor for the Patent Office, and we think they are pertinent: Lincoln Engineering Co. of Illinois v. Stewart Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; In re Cook, 134 F.2d 494, 30 C.C.P.A., Patents 935; In re Plummer, 130 F.2d 758, 30 C.C.P.A., Patents, 701; In re Powers, 126 F.2d 493, 29 C.C.P.A., Patents, 914; and In re Land, 109 F.2d 246, 27 C.C.P.A., Patents, 863.

In Lincoln Engineering Co. v. Stewart Warner Corporation, supra, the court stated [303 U.S. 545, 58 S.Ct. 664]: "The improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination."

In a comparatively recent case decided by this court, In re Plummer, supra, it was stated [130 F.2d 759]: "The fact that some elements of a claimed combination are novel and possibly patentable as individual elements does not render the combination containing them patentable in the absence of novel cooperative relation in the combination itself."

Many other authorities might be cited to the same effect, but the law is so well-settled, as is evidenced by the decisions of many courts, particularly during the last decade, that we would not be justified in unduly extending this opinion by further discussing them.

The decision of the board affirming the action of the examiner in rejecting the appealed claims upon the ground of old combination is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.