756

34 C.C.P.A. (Patents)

### Application of MILLER.
#### Patent Appeal No. 5263.

Court of Customs and Patent Appeals.
Feb. 11, 1947.

Cushman, Darby & Cushman, of Washington, D. C. (George Ramsey, of New York City, and C. Willard Hayes, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the 'Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting as unpatentable over the prior art claims 22, 23, and 24 in appellant's application for a patent for an alleged improvement in the method of making laps. Claim 15, drawn to method, was allowed by the examiner.

The references are—

Miller, Re.134, April 24, 1849.
Henry, 16,117, November 25, 1856.
Van Winkle, 299,297, May 27, 1884.
Archer, 371,913, October 25, 1887.
Kitson, 374,899, December 13, 1887.
Crooker, 418,111, December 24, 1889.
Williams et al., 2,062,626, December 1, 1936.
Shorter et al., 2,071,438, February 23, 1937.

Claim 22 is illustrative—

"22. The method of producing continuous textile lap of substantially uniform thickness and density, which comprises: flowing a gaseous medium in a strong steady stream devoid of appreciable eddies, uniformly continuously feeding and dispersing the lap-forming fibers into entrained suspension in said steady stream, directing said stream with its dispersed entrained fibers upon a formaninous [foraminous] members [member] previous to said gaseous medium but substantially impervious to said entrained fibers, uniformly progressively moving said foraminous member across said directed stream to present thereto a continuously-renewed foraminous surface upon which the dispersed entrained fibers are substantially individually deposited in the form of a progressively built-up layer of uniformly-distributed heterogeneously-oriented individual fibers, and progressively releasing and removing the thus-produced textile lap from said foraminous member without disturbing the continuity or uniformity thereof."

The invention relates to a method of forming a lap of fur fibers and may be carried out by various types of mechanisms,

preferably machines known in the art as "blowers."

In the preferred form of apparatus employed, textile fibers, which may comprise rabbit fur, are placed in a weighing feeder and fed into the lap formed by dropping the fibers upon a conveyor belt which transports them to a pair of feed rollers adjacent to a rapidly revolving picker cylinder which exerts a picking or pulling action on the fiber as it is removed from the rolls.

The swift rotation of the picker creates a substantial air current by which the fiber is carried in suspension and deposited on a revolving screen drum through which the current of air may pass.

The air current formed by the rapidly rotating picker cylinder is controlled by a baffle plate curved to fit closely over the upper part of the picker cylinder and an adjustable baffle board connected with a suitable handle below the picker. By controlling the air current in such manner, appellant alleges "the fiber is positively carried by this air current and deposited on a screen before the direct force of the air current is dissipated and the air is permitted to form undesirable eddies."

A conveyer belt located beneath the screen drum has substantially the same longitudinal speed as the peripheral speed of the drum, and when the machine operates the fibers drop by gravity from the screen drum upon the conveyor belt which feeds the material to a second pair of feed rolls of a second stage in the machine, which is a duplicate of the first stage. The operation is repeated in a number of consecutive stages in the machine to secure more uniformity in density and thickness to the final lap which is removed from the machine by an outlet conveyor belt.

The reissued patent to Miller relates to an improvement in machinery for making such articles as felt fabrics from fur by converting the fibrous material into continuous webs, laps, or sheets. A revolving fan or blower blows the fibers received from a feed opening through a chamber until they reach a constantly moving cylinder the surface of which is composed of sieve-work such as wire-gauze. The fibers are made to pass through the cylinder and a friction-roller and are compressed between them into a web or lap.

The patent to Henry relates to an improvement in machinery for manufacturing cotton yarns and discloses a machine in which ginned cotton is thrown by the draft of the brush wheel upon a perforated revolving cylinder and a moving apron which carry it to the opening at the end of the gin. From that point the operation is repeated in sequence and the material is wound into a lap.

The patent to Van Winkle discloses a machine for opening and cleaning cotton and other fibrous material which comprises two or more rotary shafts provided with beaters which deliver the fibrous material onto a rotating screen or perforated cylinder from which the air is removed by an exhaust fan. The cylinder is arranged over an operating apron which delivers the processed fibers.

The patent to Archer relates to improvements in machines for carding or separating fibrous material. In this disclosure the fibers are dispersed in an air stream and directed upwardly against a rotating cylinder made of wire-gauze upon which the fibers are deposited and through which the air passes. The machine has one or more sections, each section being provided, among other things, with a picker, cylinders, and an endless apron above the end of which is journaled the smaller roller onto which the stock passes and by means of which it is flattened to be lapped by winding on another roller until a lap of suitable size is formed.

The patent to Kitson relates to an improvement in machines for opening and preparing cotton and other fibrous substances. This disclosure shows the use of an "ordinary" feed apron, feed rolls, beaters, one or more condensing screen cylinders, doffer and lap rolls, a fan or blower, and a damper to control the amount of air-draft from each pair of screen cylinders. As described by the examiner—

"This patent shows two beating operations on cotton after each of which it is condensed on foraminous cylinders through

which the air is drawn. After the final condensing the cotton is rolled into a lap or bat."

The patent to Crooker discloses a cotton gin and renovator comprising a series of beater rolls having flattened teeth adapted to produce an air current so as to convey the fiber against the outside of the revolving wire-gauze drum or condensing cylinder which carries the fiber downward upon the endless slat belt beneath, which flattens it out into a bat or loose sheet. The bat or sheet is then carried through the machine in a picking operation, condensed into a bat or batting, and delivered by a wipe roll from the end of the machine.

The patent to Williams et al. relates to a method and apparatus and has particular reference to the cleaning of fibrous material comprised in a mixture. The patentees state in their specification—

"We have found that if the materials to be separated from each other are conveyed for an appropriate distance by a current of fluid, e.g. a current of air, of such a character that there are no eddies except such as are of very small dimensions, materials having buoyancies not widely differing from each other can be successfully separated.

\* \* \* \* \* \*

"The characteristics of such an air stream to a high degree determinate and [are] capable of being regulated by adjustment of the air conveying means (e. g. by the adjustment of the speed of a fan or the aperture of a valve)."

In this reference the method of cleaning the cotton or other mixture of fibrous material consists in finely dividing the mixture, producing a "streamline flow" by which suspended particles of the material are directed to the periphery of the foraminous revolving dust cage, from which it is delivered to a collecting box by a delivery plate to which may be added a revolving clearer.

The disclosure of the patent to Shorter et al. describes a method of and apparatus for producing slivers or ends of fibrous materials from cleaned and well opened cotton conveyed in an air stream "in which there are no eddies except possibly such as

are of very small linear dimensions." According to the disclosed method, the fibrous material is projected by a beater in a finely divided state into a chamber wherein there is a sustained conveying air current by means of which the opened cotton is carried forward toward the perforated cage which revolves downwardly and in which the stream of air and fiber are divided by plates. The subdivided streams travel forward until each meets the corresponding perforated section of the cage with its peripheral divisions. The air and fine dust pass through the cage perforations and the cotton is condensed by the cage and a roller into a number of separate strips or ends which may be passed through compressor rolls to form a set of slivers.

Since claim 15 for method has been allowed, it must be conceded that appellant's application discloses invention. The examiner and the board took the position, however, that the language of the rejected claims is so broad and indefinite that the claims include, without showing any advancement over, the disclosure of the prior art.

The examiner applied more than one ground of rejection to each of the claims on appeal and each rejection was based upon the disclosures of different but not all the cited references. Appellant alleges that the citation of eight references "means there is really no one definite reference" which anticipates appellant's method claims and that the citation of a large number of references suggests that the claims are in fact patentable.

■■ The law is well settled that it is proper for the tribunals of the Patent Office to recite all grounds of rejection of an application for a patent so that the basis of each rejection may be scrutinized in the event of an appeal to this court.

It is not necessary for the court, however, to recite and pass upon each ground of rejection. In Re Liebergeld, 64 F.2d 541, 20 C.C.P.A., Patents, 1031, 1033. In connection with the allowance of patent claims, either for a machine or a method, it is also proper for the tribunals of the Patent Office to consider a number of

references and to rely upon more than one of them as the basis for the rejection of such claims. In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823; In re Armbruster, 47 F.2d 815, 18 C.C.P.A., Patents, 1039.

Claim 22 calls for "a strong steady stream devoid of appreciable eddies." The examiner pointed out that this step involves a feature well known in the art as disclosed by the cited references, and in affirming the action of the examiner the board further stated that a current of air devoid of appreciable eddies could be provided as a matter of choice by any person skilled in the art by controlling the velocity of the air stream as disclosed and suggested by the patents to Archer, Crooker, Williams et al. and Shorter et al.

As hereinbefore described, the two last named patents definitely state that the current of air is such that there are no eddies except those which are of very small dimensions. The patent to Williams et al. explicitly states, moreover, that the characteristics of the air stream may be regulated by the adjustment of the speed of a fan or the aperture of a valve.

The second step recited in claim 22 calls for "uniformly continuously feeding and dispersing the lap-forming fibers into entrained suspension in said steady stream." The examiner held, and the board affirmed his action in so doing, that this feature of the appealed claim is anticipated by the patents to Henry, Kitson, and Crooker in each of which the fibers are dispersed in the air stream as uniformly as are those of appellant. The court is unable to concur with the argument presented by counsel for appellant to the effect that this holding is erroneous.

The third step of claim 22 which calls generally for directing the fibers upon a foraminous member is obviously anticipated by each of the cited references. Rotating the foraminous member as described in the fourth step of claim 22 and removing therefrom the laps produced therein as described by the fifth step of the claim clearly involve no patentable distinction over the references.

Appellant contends that the board erred in affirming the action of the examiner in rejecting claim 23 on the ground that there would be nothing patentable in upwardly directing the fibers in the patent to Miller in view of the disclosure of the patents to Archer and Shorter et al.; and that there would be no invention in repeating the steps defined by claim 24 since such steps are anticipated by the patents to Miller and Shorter et al. in view of Archer.

As hereinbefore described the patent to Archer disclosed that the fibers are dispersed in an air stream and directed upwardly against the rotating wire-gauze drum and there appears to be no error in the ruling that there would be nothing patentable in substituting that direction of the fibers in the disclosure of the patent to Miller. Moreover, the foraminous member disclosed by the patent to Shorter et al. rotates downwardly across the air stream as called for by claim 23. The substitution of the upward and downward movement of these two references in the patent to Miller would not involve invention.

The repetition of the series of steps recited in claim 24 is clearly anticipated by the patent to Archer as well as the patent to Henry and no invention would be involved in substituting that procedure in the disclosure of either the patent to Miller or Shorter et al.

Appellant urges that the cited references are complete machines and any attempt to reorganize one in view of another will result in an inoperative device. The appealed claims are directed to method and not to a machine. The issue is whether there was invention in combining the elements of the methods disclosed in the machines of the art of record as appellant has done. The board has held that no invention was involved in combining such elements and appellant has failed to convince the court that there was error in that holding.

For the reasons stated, the decision of the Board of Appeals is accordingly affirmed.

Affirmed.