35 C.C.P.A. (Patents)

### Application of LAMBERT.
### Patent Appeal No. 5361.

Court of Customs and Patent Appeals.
Jan. 6, 1948.

442

Charles W. Parker and Max D. Farmer, both of Buffalo, N. Y., and Edwin B. Gary, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 12, inclusive, in appellant's application for a patent for an alleged invention relating to a centrifugal governor for controlling the speed of an electric motor.

Claim 2 is representative of the appealed claims. It reads: "A centrifugal governor for controlling the speed of an electric motor of the type having a rotor shaft and an electric circuit controlling its operation, comprising the combination with said motor and circuit, of means formed for connection to said shaft to be driven therefrom and having a member rotated at a selected speed ratio to that of said shaft, a switch device mounted on said member for rotation therewith, said device having a closed generally spherical chamber with a peripheral wall not wet by mercury and eccentric to but facing the axis of rotation of said member, a conductor extending into said chamber and terminating therein in a generally ball-like head only partially filling said chamber, a second conductor in said chamber and having an exposed portion along the chamber wall and spaced in a radial direction in said chamber from said head, both of said conductors extending exteriorly of said chamber and being connected in series in said controlling circuit, a globule of liquid mercury within and only partially filling said chamber and of a size to assume a curved form that holds a substantial portion thereof, solely by its surface tension opposing gravity, away from, and against spreading along, that peripheral wall zone of said chamber against which said globule will be confined when said member is rotated, said conductors being electrically connected and disconnected within said chamber by said globule as the globule is flattened to different extents by the centrifugal and tangential forces created on the globule by its rotation with said member in opposition to its inherent surface tension, as the speed of rotation of said member varies on opposite sides of a critical speed."

The references relied upon are: Dean 1,419,233 June 13, 1922; Lambert 2,301,217 November 10, 1942.

Appellant's application discloses an electric motor which, as shown, is used for driving a calculating machine, although the claims are not limited to such use. The circuit of the motor is controlled by a rotary switch mechanism, which may be mounted directly on the motor shaft or may be driven by the shaft through change speed gearing. The switch mechanism includes a generally cylindrical, sealed glass housing having a post of glass or other insulating material extending axially within and spaced from the inner wall of the housing. Two electrical conductors are wound about the post in spaced relation to each other. The housing is positioned with its axis horizontal and a globule of mercury is located between the post and the side wall of the housing. The globule of mercury is of such size that it ordinarily bridges the gap between the conductors which are wound around the post and, since the conductors are included in. the motor circuit,

the mercury globule closes that circuit under normal operating conditions. The housing is mounted eccentrically and, when it is rotated by the motor, the centrifugal force acting on the mercury globule will tend to flatten it to an extent which is proportional to the speed of the motor. If the flattening becomes sufficiently great, the mercury will move entirely away from the conductors on the post, thus breaking the motor circuit, with the result that the motor slows down until the surface tension of the mercury causes it to resume its globular form and thus closes the circuit. The glass housing may, if desired, be substantially spherical instead of cylindrical.

Other modifications are disclosed involving the same general principle of controlling a motor circuit by the flattening of a mercury globule due to centrifugal force. In one of those modifications the flattening of the mercury globule under the action of centrifugal force causes it to close a circuit through two spaced contact members in the housing, and the closing of the circuit energizes a relay which opens the motor circuit.

The patent to Dean shows an electric motor. On the shaft of the motor is mounted a flywheel on which is mounted a weighted member carrying an electrical contact. When the speed of the motor reaches the predetermined limit this member flexes, due to centrifugal force, in such manner as to bring the contact into engagement with a fixed contact, thus closing the circuit of a relay which opens the motor circuit. This causes the motor to slow down, lessening the centrifugal force and permitting the contacts to separate, whereupon the relay circuit is opened and the relay closes the motor circuit.

Appellant's prior patent, granted on an application copending with the one here involved, discloses a centrifugally actuated mercury globule switch of the type shown in the application here involved.

The involved claims were held by both the examiner and the board to be drawn to a combination of a motor and a centrifugally actuated switch for governing the motor speed, which combination, it was held, is old, as disclosed in the patent to Dean.

It is evident that, in view of the disclosure in the Dean patent, there is nothing of patentable novelty in the claims apart from the specific structure of the switch mechanism. The introduction of change-speed gearing between this mechanism and the motor, as called for by some of the claims, is an obvious mechanical expedient. The claims involve merely a change or improvement in the centrifugally actuated switch mechanism disclosed in the patent to Dean.

It is well settled that the improvement of one element of an old combination will not support the allowance of claims to the improved element in association with the old elements of the combination, unless the improved element coacts in a new way with those which are disclosed in the prior art. In order to justify the allowance of a combination claim, the operation of the old parts, as well as that of the improved part, must be modified as a result of the improvement. Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; In re Allatt, 121 F.2d 545, 28 C.C.P.A. (Patents) 1367, and In re Pineo, Deceased, American Cyanimid Co., Assignee, 156 F. 2d 173, 33 C.C.P.A. (Patents) 1148, and authorities there cited.

The function of the switch called for by the appealed claims is the same as that of the switch of the Dean patent, namely, to effect the opening of the motor circuit when the motor exceeds a predetermined speed and to close the circuit when the speed of the motor falls below the predetermined speed. The operation of the motor is not modified by the particular form of the centrifugally actuated switch which opens and closes its circuit.

Counsel for appellant argues that appellant's switch is more sensitive and acts more quickly than that disclosed in the patent to Dean. It is stated by the patentee that his switch "responds very quickly to speed changes" and that there are "frequent cycles of speed retardation and speed acceleration at all times within very narrow limits, producing the desired effect of maintaining a very constant motor and therefore a very constant turn-table speed." The patentee Dean thus asserts that he obtains

the same advantage claimed by appellant, and there are no affidavits or other factual evidence to show that appellant's device is superior in this respect to that of Dean.

Counsel for appellant also contends that the effect of inertia on the mercury globule, while the motor is accelerating or decelerating quickens the response of the switch to the change in speed, and argues that there is a coaction between that circumstance and the fact that the switch controls the motor. However, the action of the mercury in response to acceleration or deceleration is the same regardless of the cause of the acceleration or deceleration. Accordingly, if the contentions of counsel for appellant are sound, they merely mean that appellant's switch is exceptionally sensitive to changes in speed. This is a desirable property in any speed-responsive switch, whether it controls a motor, a speed indicator, or any other device. The difference in sensitiveness, if there is such a difference, between appellant's device and that of the patentee Dean, is one of degree only and does not result in a new type of motor operation.

It is further argued by counsel for appellant that appellant's device has peculiar advantages in the operation of calculating machines. The appealed claims, however, are not limited to calculating machines, and claims cannot be allowed on the basis of limitations which they do not contain. Even if it be assumed that appellant's switch has a special coaction with a motor of a particular type or which is used for a particular purpose, this would not justify the allowance of claims which do not call for such type or purpose.

The various arguments and authorities relied on by appellant have been carefully considered, but we are of opinion, for the reasons hereinbefore stated, that the rejection of the appealed claims, on the ground of old combination, was proper and should be sustained.

The Board of Appeals further rejected the claims on the ground of double patenting in view of appellant's patent but, in view of our conclusion that the claims are drawn to an old combination, it is unnecessary that we consider that issue.

We are of opinion that the Board of Appeals reached the right conclusion. Accordingly, the decision of the board is affirmed.

Affirmed.

BLAND, Associate Judge, sat during the argument of this case, but resigned before the opinion was prepared.