41 C.C.P.A.(Patents)

## Application of HALL.
### Patent Appeals No. 5993.

United States Court of Customs and Patent Appeals.
Nov. 24, 1953.

Charles O. Bruce and Edward Brosler, Berkeley, Cal., for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting all of the claims, claims 1–7, of appellant's application, Serial No. 13,421, for a patent on a "Binding Strap Anchoring Strip."

The following claims were considered representative by the Board and are so considered by us:

"1. Binding strap anchoring means for a freight carrier, comprising an anchor strip for vertical disposal along a wall of such carrier and having associated therewith at longitudinally spaced intervals, a pair of short parallel spaced strips, said short parallel spaced strips being somewhat longer than the width of such binding strap to permit threading of such strap between and around said strips.

"7. In combination, a wall, binding strap anchoring means for said wall, said binding strap anchoring means comprising an anchor strip, means affixing the same to said wall in vertical position, said anchor strip having at longitudinally spaced intervals, a pair of short parallel spaced strips in space, said short strips being somewhat longer than the width of such binding strap, to permit threading of such strap between and around said short strips, a binding strap having one end passing beneath both of said short strips, over the last of said strips and under the first, and means for establishing tension in said strap to releasably bind said strap to said anchoring means."

Claims 2–6 are similar to claim 1 with a few additional limitations. These additional limitations are that the anchoring strip is of heavy gauge sheet metal, that the anchoring strip is as long as the height of the carrier, and all of the claims, 2–6, state that the short parallel spaced strips are "in space."

The references relied on are: Bradley 1,855,007 April 19, 1932; Pride 2,032,591 March 3, 1936; Love 2,226,667 Dec. 31, 1940.

The Pride patent was considered cumulative, at best, by the Board of Appeals and was not argued before this court. Therefore, we will confine our decision to a consideration of the Bradley and Love patents.

Appellant's alleged invention, as set forth in the claims, is for an anchoring means to aid in securing freight against movement in a freight carrier. A metal strap is passed around the freight and the ends of the strap are secured in the anchoring means which is disposed against the wall of the carrier. Appellant's anchoring means consists of a heavy gauge sheet metal strip affixed to a wall of the carrier in a vertical position. The metal strip is approximately the height of the carrier and at various heights is provided with pairs of parallel strips, located in a plane outwardly of the plane of the metal strip. According to the description these pairs of strips can either be struck out of the metal strip or separately welded to said strip. The pairs of parallel strips are said to be "in space," that is, completely surrounded by air. In using these anchoring means, the anchor strips are located on opposite walls of the carrier and opposite parallel strips are used to anchor a binding strap. One end of a binding strap is passed un-

der the two parallel strips then around the last strip and back under the first strip, against the entering portion of the strap. When tension is applied to the strap it will bind against itself and make a secure anchor for the strap end, and on loosening the tension the strap end can be withdrawn from the anchor. An alternative embodiment of the anchor strip is disclosed to be used when the anchor strip is incorporated into the carrier when built. In this form the sheet metal strip is channel shaped, with the bottom of the channel disposed toward the interior of the carrier. The bottom of the channel is slotted at various places along its height to form the pairs of short, parallel strips. These strips are used in the same manner as the strips of the first-mentioned embodiment.

The patent to Bradley discloses a fastener for metal bands or straps which comprises a plate having a number of slots therein, said slots forming short metal strips within the plate. The fastener is used to secure the ends of a metal band or strap wrapped around a box or other package. One end of the plate, in the preferred embodiment, has a strip formed at the edge thereof and a second strip formed parallel thereto and spaced therefrom by a slot. The other end of the plate also has a strip formed at the edge thereof, a pair of upright tabs immediately inward of said first strip and at right angles thereto, and another strip parallel to said first strip and separated therefrom by a slot. The two innermost strips are separated by a slot in the center of the plate. When fastening a metal band or strap one end of the strap is inserted in the first-mentioned end of the plate, through the center slot, around the innermost strip and out on the same side of the edge strip as it entered. The band is then wrapped around the box and the other end of the band secured in the opposite end of the plate by passing it under that portion of the plate, through the center slot and across the top of the edge strip and then folding the tabs down on the band. In the words of the patent, page 2, lines 17–21:

"This construction facilitates threading two end portions of a band each under one of the anchors and folding each end on itself around the allotted anchor, * * *. (numerals omitted.)"

and, on the same page, when referring to the first-mentioned end of the plate, lines 42–47:

"An end portion of the band may be attached to the anchor by threading its end down through the middle slot and up through the end slot, so that overlapping portions of the band lie on the adjacent end bar of the plate. (numerals omitted.)"

The patent to Love discloses an anchoring means secured to walls of a freight car. This anchoring means comprises a U-shaped metal channel secured to the car wall in a vertical position. The channel is approximately the height of the car and at various heights is provided with an anchor for a metal strap. This anchor consists of a concave face plate provided with flanges which are secured to the channel member. An anchor bar is securely attached to the concave face plate in a plane above the plane of the face plate by means of bosses or lugs protruding above the face plate. A metal strap is wrapped around the anchor bar and secured thereto by means of a suitable lock. The anchoring strips are located along opposite walls of the car and opposite anchor bars are used in anchoring the metal strap.

Appellant's claims were all rejected as unpatentable over the Love patent in combination with the Bradley patent. The examiner held that it would not require invention to provide the anchor means of Love with a second parallel anchor bar and then thread the metal strap between and around the bars so that it would be snubbed against itself, in view of the teaching of the Bradley patent. In making this rejection the examiner relied on that portion of the plate, disclosed by Bradley, which includes the upright tabs, considering the tabs, when folded down over the strap, to constitute a second, parallel strip. The Board of Appeals agreed with this

construction of the examiner and affirmed the rejection. Claims 1–6 were further rejected as unpatentable over the Bradley patent modified by the teaching of the Love patent, while claim 7 was also rejected as drawn to a combination shown to be old in the Love patent.

■ We will first consider the rejection on Love in view of Bradley. However, in applying the Bradley teaching we will rely on that portion of his plate which does not include the upstanding tabs. It is our opinion that this portion of the plate does involve the same function with reference to the metal band as do the two parallel strips of appellant's device. See the second quotation, supra, from the Bradley patent. The fact that the tribunals of the Patent Office failed to consider this part of the Bradley patent does not affect its validity as a reference in that respect before this court. In re Osse, 120 F.2d 1022, 28 C.C.P.A., Patents, 1267; In re Lloyd, 172 F.2d 583, 36 C.C.P.A., Patents, 817.

■ As pointed out hereinbefore, the patent to Love discloses a metal strip fastened to a wall of a freight car and provided with anchor bars at various points along the strip to which a metal strap can be anchored. The Bradley patent discloses the use of two short, parallel strips through which a metal band can be threaded in such a manner as to be anchored by binding against itself under tension. We do not think it would be invention to provide the device of Love with pairs of parallel bars, as taught by the Bradley patent, rather than the single bars disclosed. Such an expedient, in our opinion, would be readily apparent to one skilled in the art and, therefore, would not require the exercise of the inventive faculty. In re Casey, 165 F.2d 1019, 35 C.C.P.A., Patents, 869; In re Richards, 187 F.2d 643, 38 C.C.P.A., Patents, 900. It is obvious, we think, that the combination set forth would perform the same functions as the device claimed by appellant.

■■ Since the rejection on Love in view of Bradley is sustained there is no need to consider the other rejections of the claims. In re Liebergeld and Singer, 64 F.2d 541, 20 C.C.P.A., Patents, 1031; In re Miller, 159 F.2d 756, 34 C.C.P.A., Patents, 910. However, in view of the questions raised in the appellant's brief in regard to the rejection of claim 7 as an old combination, in view of the patent to Love, we feel that a few comments on that point are proper. Assuming that appellant did improve one element of the combination set forth in claim 7, the anchoring means *per se*, he would not have any right to claim the improved element in combination with various old elements, particularly the wall of the freight car, where the old elements performed no new function in the combination claimed. The doctrine in old combination rejections we think is clear. Where the combination of elements is old the mere improvement of one element of that combination, without a corresponding improvement in the operation of the combination as a whole, does not make a new combination. In re Cook, 134 F.2d 494, 30 C.C.P.A., Patents, 935; In re Holt, 162 F.2d 472, 34 C.C.P.A., Patents, 1129; In re Lambert, 165 F.2d 441, 35 C.C.P.A., Patents, 839.

In the Lambert case, supra, 165 F.2d at page 443, 35 C.C.P.A., Patents, at page 842, this court said,

It is well settled that the improvement of one element of an old combination will not support the allowance of claims to the improved element in association with the old elements of the combination, unless the improved element coacts in a new way with those which are disclosed in the prior art. In order to justify the allowance of a combination claim, the operation of the old parts, as well as that of the improved part, must be modified as a result of the improvement.

We think it is obvious that the operation of the old parts set out in claim 7 is

not modified as a result of the change in the anchoring means *per se*. Therefore, we agree with the tribunals of the Patent Office, that if there is any invention in appellant's device it does not lie in the combination but in the improved element *per se*.

We have carefully considered all of the arguments made by appellant, but in the view we have taken do not think it necessary to further review them in this opinion. For the reasons hereinbefore stated the decision appealed from is affirmed.

Affirmed.