31 C.C.P.A. (Patents)

## In re CORBETT.

### Patent Appeal No. 4889.

Court of Customs and Patent Appeals.

April 4, 1944.

Frank M. Slough, of Cleveland, Ohio (J. H. Slough, of Cleveland, Ohio, and Donald A. Gardiner, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant filed his application, Serial No. 308,222, in the Patent Office for a patent for certain new and useful improvements in "Golf Bags." The application relates particularly to means incorporated in golf bags to support the clubs in such fashion that they will not be damaged while being carried in the bag or transported or stored. Said means comprises a member at the top of the bag stated in the specification to be made of molded rubber, although other suitable material such as wood and bakelite may be used. The member has recesses for holding the heads of the golf clubs so that the shafts are freely suspended within the bag. The holding means is provided with a series of so-called fingers between recesses, of a shape to engage the clubheads, particularly the heads of the irons. The recesses are of such a form that, it is said, they will "wedgingly" engage the clubheads and are in varying degrees of inclination to accommodate the iron clubheads of different degrees of loft.

■ The Primary Examiner finally rejected all of the claims, 18 to 20, inclusive, as being unpatentable over the prior art.

The references relied upon are: Blitch, 1,840,183, January 5, 1932; and Boyce, 1,849,610, March 15, 1932.

Claim 18 is illustrative of the subject matter and reads as follows:

"18. In combination, a golf bag, club head supporting means securely affixed to the mouth of said bag and upwardly extending therefrom, said club head supporting means being formed of resilient material and provided with a plurality of upwardly protruding fingers, each adjacent pair of fingers being tapered to provide a tapered slot therebetween, each said tapered slot adapted to accommodate a substantial portion of a club head to be associated therewith and suspended therefrom and to wedgingly engage the same to hold said head against rotation and in predetermined position."

The Board of Appeals affirmed the decision of the examiner and appeal was taken here.

The Blitch patent relates to improvements in golf bag construction and its particular object is to produce a bag wherein the clubs may be individually positioned in the bag and suspended from the heads of the clubs. It discloses a golf bag with an annular member at the top thereof wherein there are a series of wedge-shaped notches designed to receive and hold the heads of iron clubs so that the handles are freely suspended within the bag. The notches have varying degrees of inclination for the purpose of holding iron clubheads having different degrees of loft.

The Boyce patent relates to golf bags, particularly to means incorporated therein for supporting the clubs in a manner which keeps them in predetermined order and is said to avoid likelihood of damage to the clubs when they are being carried around the golf course, transported or stored. The patent discloses a golf bag with a member at the top thereof consisting of an outer and an inner annular member. The upper circumferences of those members are in the form of ascending spirals and are made of leather. The upper edges of the members contain notches to receive and hold the heads of the clubs whereby the shafts are freely suspended within the bag. It is stated in the patent that the heights of the notches are arranged in relation to the lengths of the shafts so that each club must be put into a definite notch. The arrangement in predetermined order, it is said, may thus be made compulsory and the notches may be varied in inclination to compel this result.

The examiner held that the rejected claims presented nothing patentable over either of the references, pointing out that the Boyce patent discloses inclined clubhead-receiving racks having inclined slots therein and the patent to Blitch discloses a flat rack having a plurality of V-shaped notches of progressively varying depth and loft. The examiner could see no invention in modifying either one of the references to meet the limitations of the involved claims.

The Board of Appeals set out appellant's contentions as follows: that the examiner had overlooked appellant's inventive concept and failed to note the distinction between the prior art and appellant's structure in which the clubheads are held in a tapering slot between adjacent pairs of fingers in a wedging engagement, a substantial portion of the clubhead being wedgingly engaged within the slot, the fingers being so shaped and of a material such as would make wedging engagement, and of a size accommodating a substantial portion of the clubhead, and that structures disclosed by the Boyce and Blitch patents would require complete remodeling after knowledge of appellant's claimed invention. The board then held that the disclosures of the references provide for notches adapted to grip and hold the clubheads in a wedging engagement. The board also held that the notches in the Blitch patent particularly are of tapered construction for the same purpose as those of appellant, and for those reasons affirmed the decision of the examiner.

Clearly the structure defined in the involved claims is very similar to that of the Boyce patent. The clubhead supporting means attached to the mouth of the bag in the patent extends upwardly therefrom and is formed in part of resilient material and contains between the notches a protruding space which might well be termed fingers in a patent sense, and the notches differ in inclination so as to fit clubheads with different degrees of loft. It seems to us that the specification of the

Boyce patent clearly discloses that the clubheads fit into the notches so closely as to preclude the placing in a notch of a clubhead with a different loft than that which the angle of the notch is designed to hold. While it cannot be said that the Blitch patent discloses an engagement of the clubhead "wedgingly", the drawings are wedge-shaped and disposed at different degrees of inclination obviously for the reception of clubheads having different degrees of loft.

We do not think that the question of closeness of fit of the clubheads in the notches would amount to invention over the prior art.

Appellant contends that the courts have steadily held that reference patents could not be modified. If such were the law only novelty and utility would be requisite for patentability. We cannot agree with such contention. Patent Clothing Company, Limited, v. Glover, 141 U.S. 560, 12 S.Ct. 79, 35 L.Ed. 858; Howe Machine Company v. National Needle Company, 134 U.S. 388, 10 S.Ct. 570, 33 L.Ed. 963.

It is not necessary to reconstruct the reference patents here, but only to slightly alter their proportions to provide a closer fit for the clubheads. This would not constitute invention.

The decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, Presiding Judge, did not participate in the consideration or decision of this case.