36 C.C.P.A.(Patents)

: **Application of RENSTROM.**

**Patent Appeal No. 5573.**

United States Court of Customs
and Patent Appeals.

April 12, 1949.

Cushman, Darby & Cushman, of Washington, D. C. (William M. Cushman and John W. Malley, both of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 5, inclusive, in appellant's application for a patent for an alleged invention relating to a hair curler.

Claims 1 and 4 are sufficiently illustrative of the appealed claims. They read:

"1. A hair curler comprising a tubular body having diametrically opposite perforations adjacent one end, a clamping arm having a portion straddling said end of said body and having opposed perforations aligned with the body perforations, and a bail element having opposed inturned ends respectively engaged in the perforations of said arm and body whereby to pivotally connect the two, one of said ends extending substantially radially within said body and the other of said ends being bent so as to cross the first within said body, and a fused joint between the crossed ends."

"4. A resilient bail element for a hair curler, said element comprising arms with in-turned ends, one of said ends extending substantially directly toward the opposite arm and the other being bent so as to extend across the first in contact therewith."

The references relied on are:

Solomon (British)    489,990   August 8, 1938.
Solomon    2,149,317   March 7, 1939.

The curling device disclosed in appellant's application comprises a perforated cylindrical tube and a clamping arm which is arcuate in cross section and which is designed to overlie a part of the outer surface of the tube. The clamping arm has two projections at one of its ends and those projections are provided with perforations which register with perforations of the tube. The opposite ends of a wire bail extend through the perforations of the tube and arm so that the arm is pivoted for movement relative to the tube. One of the ends of the bail within the tube is bent so as to cross the other and the ends are welded together.

The patent to Solomon, No. 2,149,317, discloses a curling device comprising a perforated tube, clamping arm, and bail which are of substantially the same shape as the corresponding parts of appellant's device and which are arranged in the same manner except that the welded ends of the bail within the tube do not cross each other but lie side by side.

The British patent to Solomon, No. 489,990, is generally similar to the United States patent, hereinbefore described, except that the ends of the bail are not welded together. The British patent is, therefore, merely cumulative and need not be further considered.

The feature relied on by counsel for appellant as rendering the appealed claims patentable over the Solomon patent, No. 2,149,317, is the bending of one end of the bail and crossing it over the other within the tube. It is alleged that this facilitates and improves the welding of the ends together. An affidavit by one Hoffmann was submitted, during the prosecution of the application, to the effect that the device disclosed by appellant had been commercially successful and that it was an improvement over the devices previously used by the company with which the affiant was associated. The affidavit points out advantages of the article claimed here over those formerly produced at the plant where appellant was employed but, since it does not appear from the record that those former articles were made in accordance with the Solomon patent, such advantages are not material to the issue of patentability

of the appealed claims over that patent. The affidavit also contains general statements as to alleged advantages of spot welding over butt welding, but these are not based on actual comparative tests and, accordingly, do not afford such evidence of unexpected superiority of appellant's product over that of the reference as would justify the allowance of the appealed claims.

■ It is true, as stated by counsel for appellant, that the fact that the difference between his device and that of the reference is a comparatively small one is not, in itself, conclusive that no invention has been made. However, where a small structural difference is involved and where there is no apparent reason why that difference should produce a great improvement, the burden is upon the applicant to show, by factual evidence, that he has obtained an unexpectedly good result.

In the instant case it is not apparent why the arrangement of the bail ends in appellant's device should produce a materially better result than that of the device disclosed in the United States patent to Solomon. It would appear that the bail ends of the Solomon patent might be successfully welded by swinging the bail slightly to permit the insertion of an electrode into one end of the tube, inserting the other electrode in the opposite end of the tube, and then pressing the electrodes against the bail ends.

■ We have carefully considered the arguments of counsel for appellant, as well as the affidavit of Hoffmann, but are not convinced that appellant's device involves an inventive distinction over the disclosure in the United States patent to Solomon. Evidence of commercial success may be controlling only where the issue of patentability is otherwise doubtful. See In re Lobdell, 167 F.2d 634, 35 C.C.P.A., Patents, 1091, and In re Hock, 168 F.2d 540, 35 C.C.P.A., Patents, 1235. No such doubt exists in the instant case as would justify an allowance of the appealed claims on the basis of commercial success.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.