36 C.C.P.A. (Patents)

**Application of GILLETTE.**
**Patent Appeals No. 5593.**

United States Court of Customs and
Patent Appeals.
June 28, 1949.

Mason, Porter, Diller & Stewart, Washington, D. C. (George T. Gill, New York City, and Charles J. Diller, Washington, D. C., of counsel), for appellant.

W. W. Cochran, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting claims 1, 10, and 11 of appellant's application for a patent for a self-locking nut that cooperates with a standard threaded stud or bolt for securing two or more elements in assembled relation. Claim 6, drawn to a single species of the nut, has been allowed.

Claims 1 and 11 are considered illustrative and read as follows:

"1. A self-locking nut including in combination a standard type metal nut member having a polygonal exterior configuration and a threaded opening therethrough, an elastic locking member of like polygonal external configuration and having an opening therethrough less in diameter than the major diameter of the thread of the nut member, and a cup-shaped sheet metal casing having an aperture in its bottom and being of a configuration substantially complementary to that of the nut and locking members and snugly receiving both of them, said casing having means extending inwardly over one of said members toward the axis of said openings and securing the nut and locking members together, the configuration of the casing in cooperation with the configurations of said nut and locking members serving to prevent relative rotation between them."

"11. A self-locking nut for use in connection with a uni-directionally threaded bolt and comprising three elements permanently assembled in relatively immovable relation as an entity, one element being a casing in the form of a sheet-metal cup having a base provided with an aperture and an upstanding external side wall of polygonal shape for engagement by a

wrench or other tool for turning purposes, the other two elements being a standard type metal nut member of uniform thickness and polygonal external configuration with its flat external faces extending from end to end of said nut member and an elastic locking member of like polygonal external configuration having its sides in alinement with the nut member sides, said nut member being provided with an axial aperture threaded to engage the bolt thread and said locking member having an opening to receive the bolt with the bolt thread engaging said locking member along a thread running in the same direction as the thread in the nut member aperture, said casing being of internal polygonal configuration complementary to the external configurations of said nut and locking members and entirely surrounding and containing both said members, and tabs integral with the casing wall and bent inwardly over the inserted nut and locking members so as to hold them within the casing, the internal configuration of the casing in cooperation with the external configuration of said nut and locking members serving to effect simultaneous rotation thereof upon rotation of the casing by a wrench or other suitable tool to apply the assembly to the bolt."

The concurring decisions of the Primary Examiner and the Board of Appeals held that the appealed claims defined no patentable invention over the following references: Steele, 782,079, Feb. 7, 1905; Rennerfelt (Brit.) 228,505, Feb. 19, 1925; Ferry, 1,727,590, Sept. 10, 1929; Mitchel, 1,761,358, June 3, 1930; Simmonds et al. (Brit.) 461,638, Feb. 22, 1937.

The appealed claims relate to a self-locking nut, consisting of a hexagonal, cup-shaped case, a metal internally threaded nut having a hexagonal outer configuration, and of a size to fit snugly within the case; and a resilient, hexagonal washer having an unthreaded opening therethrough of a diameter less than the major or root diameter of the thread of the nut. The nut is placed and seated in the case with the opening therethrough axially aligned with the opening in the case. The washer is placed in the case and seated against the nut. The opening in the washer is aligned with the opening through the nut. The scalloped end projections of the case are turned in and flattened against the surface of the washer. The case holds the nut and washer together and restrains relative axial and rotational movement thereof. When the nut is threaded on a bolt, the bolt embosses its thread in the washer which grips the bolt and thereby is locked against dislodgment by vibration or otherwise.

The Simmonds et al. patent for a self-locking nut discloses,

" * * * an elastic inset provided with a hole of less diameter than the maximum diameter of the screw-threads of the nut is housed within a suitably-shaped casing that is secured to the nut body in axial alignment, so that, when the nut is screwed onto a screw, the elastic inset and its casing move with the nut body and the threads of the screw penetrate into the elastic inset. * * *

"The casing may be secured to the nut body in any suitable manner. * * * part of the casing is forced inwardly into engagement with one or more recesses provided in the outer wall of the nut body. * * * an end portion of the nut body may be formed with a cylindrical wall having a circumferentially-extending groove or recess into which the edge portion of the casing is forced to secure the casing to the nut body. * * *

"The outer wall of the casing may, if desired, be of hexagonal or other suitable shape in cross-section, or it may be in part circular and in part of hexagonal or other shape. Where parts of the casing and nut body are hexagonal, such parts should be arranged in register with one another so as to form continuous flat surfaces and thus enable the nut body and casing to be simultaneously engaged by the operative faces of a key or spanner. * * * "

The patents to Rennerfelt, Ferry, and Mitchel show that it is old to enclose fully a single nut element in a sheet-metal casing.

The patent to Steele shows that it is old to enclose two nut members of a similar size and of hexagonal periphery in a sheet-metal casing.

■ Appellant has made numerous allusions to the commercial success of the alleged invention; however, commercial

success is of no patentable significance unless the question of invention otherwise be in doubt. There is no doubt here. It is our view that it would not involve invention to encase the entire nut and lock washer of the Simmonds et al. patent in the manner taught by the other references cited herein.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Judge, by reason of illness was not present at the argument of this case and did not participate in the decision.