26 C.C.P.A. (Patents)

## In re WITHINGTON.
### Patent Appeal No. 4163.

Court of Customs and Patent Appeals.

June 5, 1939.

Frank M. Slough, of Cleveland, Ohio (Donald A. Gardiner, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D.

C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office which affirmed a decision of the examiner rejecting, in view of the prior art, all of the article claims, 8 to 13 inclusive, in appellant's application for an alleged invention relating to methods and apparatus for marking tool handles and like articles and to the articles so marked.

Claim 8 is illustrative of the appealed claims and reads as follows: "8. An elongated wood or the like rounded handle having an emblem on a portion of its outer surface, said portion extending curvilinearly for a substantial distance around the circumference of the handle, and the emblem carrying portion comprising portions of the surface depressed inwardly to provide a background and undepressed portions projecting upwardly from the background, the undepressed portions characterizing the emblem and projecting sufficiently from the background to be subjected to the abrasive action of wear and the background being relatively recessed whereby said undepressed portions protect the background portion from wear and maintain the emblem legible over long periods of use of the handle."

The references are: Bacheller et al., 1,228,736, June 5, 1917; Van Veen, 1,694,-955, December 11, 1928.

The application discloses a marking on long handles, such as hoe, rake, or shovel handles, made by depressing the material around the desired marking, so that the mark appears raised to the level of the original surface. The depressed material may be inked to form a contrasting background for the letters appearing on the mark.

The patent to Macheller relates to a machine adapted to mark golf balls with the name of the owner. The letters of the name are depressed into the cover of the balls and preferably inked.

The patent to Van Veen relates to machines which operate to mark or brand articles with characters of any desired sort. The specification discloses wooden handles as one of the said articles. The marking is depressed and made with a heated die which produces a color difference by charring.

The examiner rejected the appealed claims for want of invention over either of the references holding that it is immaterial to patentability whether the character or the surrounding background be depressed. The board affirmed this holding.

Appellant contends that neither of the references discloses anything by means of which his article can be produced. However, both the references produce marked articles with contrasting colors. The Van Veen patent discloses the marking of a wooden handle. While it is true that in both references the marks are depressed, we agree with the patent tribunals that whether the characters are depressed or appear to be raised by reason of the depressed surrounding substance, this difference is immaterial as far as this application is concerned, particularly in view of the fact that the specification of appellant states that the mark or design may be either intaglio or cameo. Since appellant's disclosure appears to treat intaglio and cameo marks as equivalents we are unable to see how he can successfully urge the patentability of a claim specific to one equivalent when the other is clearly shown in the prior art. In re Ayres, 23 C.C.P.A., Patents, 1118, 83 F.2d 297; In re McKee, 22 C.C.P.A., Patents, 1010, 75 F.2d 635; In re McKee, 25 C.C.P.A., Patents, 1064, 96 F.2d 294.

We have carefully considered the record and briefs herein but can see no reason why the decision of the board should be reversed.

The decision of the Board of Appeals is affirmed.

Affirmed.