30 C.C.P.A.(Patents)

**Application of YOUNT.**

**Patent Appeal No. 5504.**

**United States Court of Customs and Patent Appeals.**

**Dec. 7, 1948.**

Huebner, Maltby & Beehler, of Los Angeles, Cal. (Vernon D. Beehler and Herbert A. Huebner, both of Los Angeles, Cal. of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting all the claims (Nos. 22 to 25, inclusive) of appellant's application for a patent for an alleged invention for paper bag construction.

The claims read as follows:

"22. A multi-walled gusset type bag comprising nested tubes united together by a closing seam at the bottom and formed with a gusset at each side, the front and back walls each consisting of a plurality of seamless sheets arranged in horizontally offset relationship forming vertically extending steps and the sheets of such wall being folded along one side to form one of the side gussets with a marginal stepped extension, said extension being folded along the complementary edge of the opposite wall and interfitting with the complementary steps of said opposite wall, the overlapping contiguous steps being adhered together to form a seem all of which is located in the corner region of the front and back wall immediately adjecent the corner fold and such seams being diagonally opposed.

"23. In a bag construction, a structure comprising nested tubes formed with a gusset at each side, the front and back walls being flat and seamless except at diagonally opposite corners, such front and back walls each consisting of a plurality of seamless sheets arranged in laterally offset relationship forming longitudinally extending steps and the sheets of such wall being folded to form one of the side gussets with a marginal stepped extension, said extension being folded along the complementary edge of the opposite wall and interfitting with the complementary steps of said opposite wall, the overlapping contiguous steps being adhered together to form a seam one such seam being located in the corner region of the front wall and the other such seam being located in the corner region of the back wall immediately adjacent the corner folds, and such seams being at diagonally opposed corners.

"24. In a bag construction, a structure comprising a tube formed with a gusset at each side, the front and back walls being—

flat and seamless except at diagonally opposite corners, such front and back walls each consisting of a seamless sheet folded at one edge portion forming one of the side gussets with a marginal extension, said extension being folded along the complementary edge of the opposite wall and having a surface in contact with the surface of such wall sheet and adhered thereto forming a seam one such seam being located in the corner region of the front wall and the other such seam being located in the corner region of the back wall immediately adjacent the corner folds, and such seams being diagonally opposed.

"25. A multi-walled paper bag comprising nested tubes each formed of two sheets joined by longitudinal seams each seam formed by creasing and overlapping the marginal edge portion of one sheet over the adjacent uncreased edge portion of a second sheet corresponding in stratum position to the first sheet, such longitudinal seams in each layer being offset laterally from the seams in the next layer and the adjacent seams forming a series of interfitting steps, the total thickness of such adjacent stepped seams only one layer greated than the total thickness of the wall, and the two series of interfitting steps being located at opposite creased corners of the tubes."

The references relied upon are:

"Hartmann, 1,549,832, Aug. 18, 1925; Abramson, 2,316,385, April 13, 1943."

The alleged invention may be well understood from a reading of the claims.

Appellant's application discloses a method of making a paper bag; however, the claims here involved relate only to the structure of a bag.

The Hartmann patent, supra, shows a bag constructed of two sheets of paper having marginal portions along the edges overlapping and secured together to form seams extending from the top to the bottom of the bag and located on opposite sides of the bag adjacent its edges. The construction of the Hartmann bag leads to the same manufacturing advantages as claimed by appellant.

The Abramson patent, supra, shows the practice of folding the bag at the edges along three lines to designate portions of the bag wall that are referred to as gussets. It also shows a bag made of several plies of sheet stock with the seams in the plies formed and offset from each other as claimed by appellant.

The use of several plies of paper, the offset positions of the seams, and the folds designating the gussets at the edge of Abramson's bag can be applied to Hartmann's bag in the same way they are applied to Abramson's bag. Such a modification of Hartmann's bag in view of Abramson's disclosure does not involve invention.

Appellant contends that the paper bags are of extremely large size. However, there is nothing in any of the appealed claims specifying a large bag, and appellant's specification states, "the invention is also applicable to the fabrication of relatively smaller bags."

It was held in the case of In re Kirke, 40 F.2d 765, 17 C.C.P.A., Patents, 1121, that mere size is not ordinarily a matter of invention. Where appellant by his own specification teaches that small bags are the equivalent of large bags, he is not in a favorable position to argue for any invention in one as distinguished from the other. In re Ayres, 83 F.2d 297, 23 C.C.P.A., Patents, 1118; In re Withington, 26 C.C.P.A., Patents, 1290, 104 F.2d 192.

Appellant also contends that he has given the court "a comprehensive picture of the paper bag industry reflecting the problems and limitations confronting inventors in that field." However, this court has held that where an appellant contends that the device defined by his claims solves a problem long existent in the art, with wide commercial success indicating its supposed merit as an invention, and the record remains silent as to the factual data required to support such a contention, the court will not consider or rely on such contention or statement. In re Casey, 165 F.2d 1019, 35 C.C.P.A., Patents, 869.

We agree with the finding of the Board that the cited patents of Hartmann,

supra, and Abramson, supra, disclose all the features of construction of the bag defined in the claims.

The decision of the Board of Appeals is affirmed.

Affirmed.