39 C.C.P.A. (Patents)

## Application of LINDBERG.
### Patent Appeal No. 5832.

United States Court of Customs
and Patent Appeals.

Feb. 18, 1952.

Myron J. Dikeman, Detroit, Mich., for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office. The board's decision affirmed the holding of the Primary Examiner rejecting as unpatentable claims 3, 4, and 5, the only remaining claims in appellant's application for a patent on a "Power Sprayer."

Appellant's device comprises a power sprayer adapted to be mounted on farm machinery such as a cultivator or tractor for use in spraying crops. The device, as disclosed by appellant, includes a cylindrical liquid spray tank having a spray agitator rotatably mounted therein. Mounted on top of the tank are a small gasoline engine and a conventional type dual hydraulic pump unit, both pumps of the unit being driven together by the engine through a single belt and pulley system. The inlet of one of the pumps is connected to the spray tank and the outlet is connected by suitable pipe means to a spray nozzle of appropriate design. On the outlet side of this pump there are also a shut-off valve and a relief valve for controlling flow to the sprayer, and a by-pass arrangement whereby the spray liquid is returned to the tank when the shut-off valve is closed or excessive pressure is developed. On one end of the tank there are mounted a liquid oil tank and an oil-operated hydraulic driving unit which is operatively connected to the spray agitator mounted in the tank so as to rotate it when the driving unit is actuated. The inlet of the second pump of the dual pump unit is connected by suitable pipe means to the oil tank and its outlet is connected to the input side of the oil-operated agitator driving unit, with the outlet side of the driving unit being in turn connected to the oil tank to complete the hydraulic system.

The operation of the above-described device is as follows: When the engine is started both pumps of the dual pump unit are driven. The first pump causes the spray liquid to be pumped from the tank to the discharge spray nozzle if the shut-off valve is open; if that valve is closed, the spray liquid will pass back into the tank through the by-pass arrangement. At the same time, the second pump causes oil to circulate in a closed circuit from the oil tank through that pump and the hydraulically driven agitator drive unit and back to the oil tank, thus rotating the agitator in the spray tank in order to keep the spray mixture therein uniformly mixed.

Appellant also discloses a modification which has only a single pump unit for pumping the spray liquid from the tank. Instead of the above-described hydraulic drive system for rotating the agitator, this modification has a pulley mounted on the tank, said pulley being driven from the motor and being connected by means of a belt to another pulley mounted on the agitator shaft, whereby rotation of the motor produces rotation of the agitator.

Claims 3 and 5, which are considered representative of the appealed claims, read as follows:

"3. A power spraying device, and used with the farm maching [sic] vehicle, comprising a liquid spray tank, a liquid agitator rotatably mounted within said tank, said agitator being provided with a suitable hydraulic driving unit mounted on one end thereof, dual hydraulic pumps fixedly mounted on the liquid spray tank, rotating power means mounted on said tank, means for operatively connecting the power means with the dual pump units for operating same, a liquid oil tank fixedly mounted on said liquid spray tank, pipe means for operatively connecting one of the pump inlets with said liquid oil tank and opening therein, and pipe means for connecting the outlet of the same pump unit to the tank

agitator driving unit inlet and returning therefrom to the said oil tank, pipe means for connecting the inlet of the other pump unit with the chamber of the liquid spray tank, and pipe means for connecting the discharge outlet of the same pump, a spray nozzle mounted on said discharge pipe.

"5. A power spraying device, comprising a liquid spray tank, a liquid agitator rotatably mounted in said liquid spray tank, a hydraulic driving head mounted operatively on said agitator, a liquid oil tank mounted on said spray tank, dual hydraulic pump units mounted on said spray tank, power means mounted on said tank and operatively connected to said dual hydraulic pump units, means for connecting one hydraulic pump inlet with the spray tank reservoir, means for connecting the outlet of the same pump with a discharge pipe, a shut-off valve and relief valve mounted within the discharge pipe, and a spraying nozzle mounted on the end of said discharge pipe, means for connecting the other hydraulic pump inlet with the liquid oil tank, and means for connecting the same pump outlet with the inlet of the agitator driving head and return therefrom the oil tank reservoir."

The references relied on by the Patent Office are: Dyer 639,541 Dec. 19, 1899; Thomson 732,908 July 7, 1903; Thompson 1,755,716 Apr. 22, 1930; Knapp 1,759,988 May 27, 1930; Bateman et al. 1,883,479 Oct. 18, 1932; Brandt et al. 2,149,112 Feb. 28, 1939; Singleton 2,357,141 Aug. 29, 1944.

The appealed claims were rejected in the Patent Office as being unpatentable over various combinations of references. Claims 3 to 5 were rejected as unpatentable over Bateman et al. in view of Dyer or Thomson; over Thompson in view of Dyer or Thomson taken with either Brandt et al. or Bateman et al.; and over Brandt et al. Claim 5 was further rejected as unpatentable over Brandt et al. in view of Knapp, and claims 3 to 5 were also further rejected as being drawn to an old combination.

The patent to Bateman et al. discloses a power sprayer comprising a spray tank having a gasoline motor and pump mounted thereon. The motor is operatively connected in driving relationship with the pump which is connected with the tank and spray nozzles by suitable piping so that operation of the motor causes the pump to transfer the liquid spray from the tank to the spray nozzles. Bateman et al. also discloses a rotating agitator member mounted in the spray tank, the agitator being driven by an endless chain connecting the agitator shaft with a rotating power take-off shaft protruding from the pump housing. The tank is in turn mounted on a wheeled chassis so that it may be drawn by a tractor or other suitable vehicle by means of a wagon-tongue attached to the chassis.

The patent to Brandt et al. shows a power sprayer device comprising a liquid spray tank mounted on a wheeled chassis with a pushcart-type handle connected to the chassis for moving the device. Mounted on the tank are a gasoline motor and a pump, the pump being connected to the motor in driving relationship by a belt and pulley arrangement. The pump is connected with the tank and a spray nozzle by suitable piping means so that when the motor operates the pump causes the spray liquid to be transferred from tank to nozzle. There is an agitator member rotatably mounted in the tank, the agitator being driven by a cam on the pump-driving pulley which engages a gear on the agitator shaft.

The patent to Knapp discloses a power spray device having gasoline motor, pump, spray tank, and spray nozzles connected so that operation of the motor causes the spray liquid to be ejected from the spray nozzle. However, these elements are mounted on a wheeled platform rather than on the tank as in the devices of appellant, Bateman et al., and Brandt et al. Knapp teaches the use of a shut-off valve and a relief valve between the outlet side of the pump and the spray nozzle whereby spray liquid is returned to the tank if the shut-off valve is closed or excessive pressure is developed.

The patents to Dyer and Thomson disclose hydraulic driving systems for automobiles comprising an oil tank, a pump driven by a prime mover, and a hydraulic wheel driving unit, all connected by suitable piping means so that operation of the pump by the prime mover causes the wheel driving unit to operate. The hydraulic

driving systems of these references are very similar to the hydraulic agitator driving system of appellant's claimed sprayer device.

For reasons to appear hereinafter, we deem it unnecessary to discuss the Thompson and Singleton references and the rejections based thereon.

The examiner, in rejecting claims 3 to 5, relied on Bateman et al. and Brandt et al. as each showing a power spray device having substantially the same elements (namely, motor, tank, pump, spray nozzles, pipe connecting means, and tank agitator with driving means) in substantially the same structural relationship and operating in essentially the same manner as in appellant's device. In his rejection of claims 3 to 5 as unpatentable over Bateman et al. in view of Dyer or Thomson, the examiner held that appellant's hydraulic agitator drive system was merely the mechanical equivalent of Bateman et al.'s chain and pulley type agitator drive system, and that no invention was involved in substituting the similar hydraulic driving system of Thomson or Dyer for the mechanical agitator drive of Bateman et al. In rejecting claims 3 to 5 as unpatentable over Brandt et al., the examiner stated that: "* * * the mechanical agitator drive means of Brandt et al. is the full equivalent of the oil tank, pump and fluid motor of appellant's device. No advantage is seen to be derived from the use of the more complicated fluid system, and thus it is considered that no inventive advance has been obtained."

In further rejecting claim 5 as unpatentable over Brandt et al. in view of Knapp, the examiner was of the opinion that use of a shut-off valve and relief valve between pump and spray nozzle of the Brandt et al. device, in the manner taught in the similar power sprayer of Knapp, "would be obvious to one skilled in the art."

The board agreed with the above-discussed holdings of the examiner and accordingly sustained the rejections. The board noted that, in view of appellant's disclosed modification wherein he shows the use of a mechanical drive similar to that shown by Bateman et al., appellant must also regard the mechanical agitator drive as the equivalent of the hydraulic agitator drive

system recited in the appealed claims. The board also stated that: "* * * All that the claims define, as we understand them, is a selection of desirable features from prior art structures (admitted by Appellant) united in a single apparatus in just the way they had been used before whereby there is obtained from them merely the aggregate results that were secured in the prior art structures. Such a combination is not considered as involving invention. * * *"

Appellant in his brief urges, as a patentable difference over the cited art, that his sprayer is complete in itself as a single unit, that it operates under its own power, and that it is transferable to any unit or place. Assuming that it might be inventive over the cited art to make the spray device a single portable unit, this argument by appellant has no merit in the instant case because this allegedly inventive feature is not recited in the appealed claims. The particular feature or fact upon which an applicant predicates patentability must not only be disclosed in the specification but also brought out or recited in the claims. In re Richards, 187 F.2d 643, 38 C.C.P.A., Patents, 900, and cases cited therein. The recitation "and used with the farm maching [machine (?)] vehicle," in claim 1, being directly readable on each of Bateman et al., Knapp, and Thompson, it does not appear that any of the appealed claims includes recitation of any matter which appellant may rely on as bringing out this allegedly novel feature urged upon the court as a patentable difference over the cited art. Moreover, even if this feature were properly recited in the appealed claims, as pointed out by the Solicitor of the Patent Office in his brief, this in itself would not render the claims patentable since it is not regarded as inventive to merely make an old device portable or movable without producing any new and unexpected result. See Ranco, Inc. v. Gwynn, 6 Cir., 128 F.2d 437.

The contention discussed above is auxiliary to appellant's basic contentions. Appellant's basic contentions are that " 'parts' from old patents cannot be selected as anticipation of new combinations again using them"; that each inventor is entitled to his own machine, and improvement, so

long as it differs from prior art devices; and that if a new structural combination is new and useful it meets the legal requirements for "invention."

■ It is well settled that claims may be properly rejected on a combination of several patents taking specific features from each. In re Kamlet, 185 F.2d 709, 38 C.C.P.A., Patents, 776; In re Smith, 161 F.2d 274, 34 C.C.P.A., Patents, 1007. It is not necessary that a complete disclosure be contained in a single reference. In re Streckert, 167 F.2d 1010, 35 C.C.P.A., Patents, 1148; In re Horney, 161 F.2d 271, 34 C.C.P.A., Patents, 968.

■■ That a new combination of old elements may be patentable is well established. But not all new combinations are patentable. If a new combination of old elements is to be patentable, the elements must cooperate in such a manner as to produce a new, unobvious, and uexpected result. Such a combination, to be patentable, must amount to an invention. In the absence of invention, utility and novelty are not sufficient to support allowance of claims for a patent. In re Kaufmann, 193 F.2d 331, 39 C.C.P.A., Patents, ——.

■ In view of the above, it appears to us that the essential question in this case is whether or not appellant exercised inventive faculty sufficient to support the allowance of claims for a patent in producing the claimed spray device by use of old and known elements. With the exception of claim 5, which also recites shut-off and relief valves, the feature upon which appellant seeks to predicate patentability of the appealed claims is the substitution of a known type of hydraulic drive system for the mechanical agitator drive system of the primary reference patents to Bateman et al. and Brandt et al. The examiner and the board considered this change to be a mere substitution of mechanical equivalents producing no new or unexpected result, and hence they were of the opinion that such substitution did not involve invention. A test of equivalency is whether a substituted element operates in substantially the same way to produce substantially the same result as the element replaced.

In re Husted, 39 F.2d 713, 17 C.C.P.A., Patents, 1002. Applying this test, we are in agreement with this holding of the Patent Office tribunals. We think it significant that, as noted by the board, appellant discloses a modification of the claimed spray device wherein he shows a mechanical belt and pulley agitator drive system similar to that shown by Bateman et al. Where an applicant's own specification indicates an equivalency between two different things, one of which is shown in the prior art, the applicant is not in a favorable position to argue that invention lies in the use of the other, although there might, perhaps, be some exceptions in unusual circumstances. See In re Yount, 171 F.2d 317, 36 C.C.P.A., Patents, 775 and In re Withington, 104 F.2d 192, 26 C.C.P.A., Patents, 1290. We concur with the board's inference from this alternative disclosure that the appellant himself must have regarded the mechanical and hydraulic drives as equivalents. As to claim 5, which also recites the shut-off and relief valves, we agree with the board and the examiner that no invention was involved in the use of these features as is clearly taught in the Knapp reference, which discloses a very similar device.

In the light of the foregoing, we agree with the Board of Appeals that appellant has not displayed the exercise of invention in producing his allegedly new combination. The old and known elements used by appellant do not perform any new or unexpected function in his device; the results obtained from his allegedly new combination do not impress this court as being unobvious or unexpected.

■ We are therefore of the opinion that the board did not err in holding the appealed claims unpatentable on the grounds of rejection discussed above. Having reached this conclusion, we deem it unnecessary to discuss the merits of the rejection on old combination and the rejection on Thompson in view of Dyer or Thomson taken with either Brandt et al. or Bateman et al.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.