39 C.C.P.A.(Patents)

### Application of VIETAS.

Patent Appeal No. 5855.

United States Court of Customs and Patent Appeals.

Argued March 5, 1952.

Decided May 28, 1952.

Wright, Brown, Quinby & May, Boston, Mass. (Oliver C. Morse, Boston, Mass., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in finally rejecting as unpatentable over the prior art the two claims in appellant's patent application for an alleged invention for "new and useful improvements in Support For Athletic Shoe Cleat."

The claims read as follows:

"2. A support device for an athletic shoe cleat, comprising a bolt having a flat head at its upper end and spurs projecting downward from the rim of said head, a nut screw-threaded on said bolt, and a disk on said bolt below the nut, said disk having a central hole through which the bolt loosely extends, said disk also having an annular central portion of larger diameter than said nut downwardly offset from the

remaining portion of the disk by a distance equal to the axial dimension of the nut, a plurality of spurs projecting up from the rim of said disk, and a series of ratchet teeth struck from said offset central portion of the disk to project below.

"4. On a shoe sole, a support device for an athletic shoe cleat comprising a bolt having a flat head at its upper end pressed against the inner surface of the sole and elements projecting down from said head embedded in said inner surface so as to hold the bolt against rotation, said bolt having a shank extending down from the head through the sole with a screw-threaded portion projecting below the sole, a substantially flat element screw-threaded on the projecting portion of the bolt and pressing against the bottom surface of the sole, and a washer with a central hole loosely fitting on said projecting portion of the bolt, said washer having a marginal portion bearing against the bottom surface of the sole around the flat element with peripheral spurs projecting upward and embedded in the sole, said washer having a central portion offset downwardly to accommodate said flat element, and ratchet teeth struck from said central portion to project below."

The references relied on are: Clark 1,950,972 March 13, 1934; Pierce et al. 2,302,471 November 17, 1942.

In its decision, appellant's device is succinctly described by the board as follows:

"The application discloses a detachable cleat for an athletic shoe. The device consists of a bolt with spurs on its head for engagement with the inside of the sole of the shoe. The bolt extends outwardly through the bottom of the sole and is clamped to the sole by means of a nut. A disclike element is slipped over the bolt and is provided with spurs which are driven into the bottom of the sole. This disc is downwardly dished for accommodation of the nut and is provided with ratchet teeth for engagement with the cleat element which is screwed tightly

onto the shoe by engagement of the threads of the bolt with cooperating threads in a second nut which is made a part of the cleat. The ratchet teeth are arranged to engage the cleat and prevent rotary movement of the cleat in a detaching direction in use. The structure permits replacement of the cleat by a new cleat or by cleats of different formations."

The patent to Pierce et al., upon which principal reliance for rejection was based, discloses a shoe cleat holding means using a barbed head stud which extends through the sole of the shoe. The fastening means for the stud comprises a washer and a nut, assembled on the stud in that order, the washer being dished to accommodate the nut and being further provided with spurs extending from one side of the washer to enter the shoe sole, and ratchet teeth extending from the other side of the washer to prevent movement of the cleat relative to the washer when the cleat is fastened on the stud by means of a second nut in the cleat.

The patent to Clark relates to a detachable sport shoe mud cleat. It shows a bolt extending through the shoe sole from the inner side, the bolt being provided with a convex head and threaded end to receive a nut which is applied from outside the shoe directly against the sole, as is the bolt and nut in the rejected claims.

The examiner rejected the claims on the ground that appellant's device failed to patentably distinguish over Pierce et al. in view of Clark. He pointed out that the Pierce et al. patent shows a bolt having a flat head at its upper end and spurs extending downward from the rim of said head; that both references show a nut screw-threaded on the bolt; that Pierce et al. shows a disk having a central hole through which the bolt loosely extends and an annular central portion of larger diameter than said nut which is offset from the remaining portion of the disk; a plurality of spurs projecting upwardly from the rim of the disk, and also a series of ratchet teeth projecting downwardly. In his opinion, the only significant difference between appellant's device

and that of Pierce et al. resided in the arrangement of the parts; namely, that appellant's nut was above the disk whereas in the patent to Pierce et al. the nut was below the disk. It was his belief that the Clark reference clearly disclosed a threaded bolt with an ordinary nut which bore directly against the sole and a disk with the central portion offset downwardly a distance equal to the axial length of the nut. He concluded that offsetting the central portion of the disk downwardly and using an ordinary nut directly against the sole was not considered patentable over Pierce et al. in view of Clark.

In sustaining the action of the examiner, the board stated

"It is clear from the action of the Primary Examiner and from the brief that the claimed device differs from that disclosed in the Pierce et al patent only in respect to the formation and location of the disc. As claimed, the disc is located below the nut and is dished for reception of the nut. In these respects it is like the disc 25 disclosed in the Clark patent, although the latter is a part of the calk and forms the nut element thereof instead of being a separate member like the claimed disc or the disc disclosed in the Pierce et al patent.

"As pointed out by appellant the claimed device is different from the device disclosed in the Pierce et al patent and we are of the opinion that *even though the difference is small, it might involve patentable invention provided some new and unobvious functions resulted therefrom.* We have carefully examined the application and the brief, however, and do not find disclosed therein any such function arising from the specific formation and location of the disc as recited in the claim. The disc disclosed in the Pierce et al patent is provided with spurs to engage the sole of the shoe and prevent rotation of the disc and it is also provided with a series of ratchet teeth * * * struck up from the central portion of the disc to project below and engage the calk to

prevent its rotation in use. * * *" (Italics ours.)

In his petition for reconsideration, appellant appeared to feel the board's decision was based largely upon the question of cost of manufacture of the device rather than on the difference and alleged superiority of appellant's structure over the prior art, and likewise seemed to feel that failure to present evidence of commercial success might have adversely influenced the board's decision.

The board stated specifically, however, in denying said petition, that the basis of its decision was that the claims failed to distinguish patentably over the art of record.

As we view the record, the sole question before us is whether the differences between the structure described in the claims and the structures shown in the prior art amount to patentable invention.

In resolving that question it is our opinion that the patent to Pierce et al. clearly discloses a disk with spurs engaging the sole of the shoe thereby preventing its rotation, and also shows ratchet teeth struck up from the central portion of the disk to engage the calk, thus preventing rotation of the calk. The patent to Clark also shows that the use of a threaded bolt with a nut bearing directly against the sole is old.

■■ While appellant's device is somewhat different from the references, utility and novelty are not sufficient to support the allowance of claims for a patent. A combination to be patentable must amount to invention. In re Lindberg, 194 F.2d 732, 39 C.C.P.A., Patents, ——. The results obtained by appellant's modification of the prior art devices of record do not impress us as being unobvious or unexpected, hence, we think such modification is not inventive. In re Kauffmann, 193 F.2d 331, 39 C.C.P.A., Patents, ——.

While appellant might well have succeeded in making a slight improvement over the art of record, as he contends, it is our opinion that under the facts of this case, such improvement does not involve invention.

Counsel for appellant contends that the devices of the prior art references, although similar in resemblance to that of appellant's device, are not operative and fail to produce the results sought and, therefore, are not a valid anticipation, citing in support of that contention the case of General Electric Co. v. Wise, C.C., 119 F. 922.

While we agree with appellant to the extent that such references may not necessarily anticipate an applicant's device, after careful examination of the drawings, specifications, and claims of the prior art, we find nothing more than mere assumptions on the part of appellant that the Pierce et al. and Clark devices are not operative or that they failed to produce the result sought.

For the reasons hereinbefore set forth, the decision of the board is affirmed.

Affirmed.

JACKSON, J., sat during the argument in this case but retired April 1, 1952, before the opinion was fully prepared. He was recalled in conformity with Section 294(c) (d), Title 28 U.S.C. to participate in the decision and did so.

O'Connell, J., dissented.