39 C.C.P.A.(Patents)
**Application of BOWEN et al.**
**Patent Appeal No. 5890.**

United States Court of Customs and Patent Appeals.
June 24, 1952.

James J. Shanley, Detroit, Mich., for appellants.

554

E. L. Reynolds, Washington, D. C., (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Judges.

JOHNSON, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office in which the board affirmed the holding of the Primary Examiner rejecting as unpatentable over the prior art claims 20, 21, and 23 in appellants' application for a patent for a "Shelter." A single claim, claim 17, was allowed in the Patent Office.

The appealed claims relate to a semicircular or similarly shaped shelter covered with corrugated sheet metal, the shelter being of the general type used extensively by the Navy in World War II and commonly known as a "Quonset hut." The structure of appellants' shelter is set out in such specific detail in the appealed claims that an extensive description of it is considered repetitious and hence unnecessary. The appealed claims read as follows:

"23. A shelter comprising a supporting structure, a series of semicircular ribs extending across one dimension of the supporting structure and arranged in spaced relationship along a second dimension thereof, each rib presenting an arcuate exterior surface, a plurality of contiguously arranged rectangular wall sheathing members forming side walls, each wall sheathing member spanning a plurality of ribs along its length, each wall sheathing member being flexible across its width to conform to the arcuate exterior surfaces of the ribs and having line connection across the width of the wall sheathing member with each rib spanned, each wall sheathing member having parallel corrugations extending along the length thereof and constituting a rigid structural element in the direction along its length to thereby brace the ribs spanned; and a unitary rigid roof structure including a plurality of purlins extending in the direction of the second dimension of the supporting structure supported by the ribs above and independent of the side walls, a plurality of contiguous elongated roof sheathing members of arched configuration in the direction of their length extending across and connected to the purlins to form the unitary rigid roof structure, the roof sheathing members having parallel corrugations extending along the length thereof, the ends of the roof sheathing members extending in overhanging relation to the upper portions of the side walls, and means connecting each of the purlins to the ribs to arrange the roof structure at a desired position with respect to the ribs.

"20. A shelter, as claimed in claim 23, in which said rib comprises an outside flange presenting the exterior surface, a nailing slot presented by the flange, and nailing means attaching the wall sheathing members to the nailing slots.

"21. A shelter, as claimed in claim 23, in which each rib comprises an inside flange presenting an interior surface, an outside flange presenting the exterior surface of the rib, a web connecting each inside and outside flange, nailing slots presented by both flanges, nailing means attaching the wall sheathing members to the nailing slots of each of the outside flanges, interior wall members contacting the interior surfaces of the inside flanges of the ribs and nailing means attaching the interior wall members to the nailing slots of the inside flanges."

The references relied on by the Patent Office are:

| | | |
|---|---|---|
| Goodrich | 1,350,493 | August 24, 1920 |
| Buelow et al. | 1,900,541 | March 7, 1933 |
| Brinker | 2,352,884 | July 4, 1944 |

Claim 23 was rejected in the Patent Office as unpatentable over Goodrich in view of Brinker. Claims 20 and 21 were rejected as unpatentable over Goodrich in view of Brinker and Buelow et al.

The patent to Goodrich shows a building of the same general configuration as appellants' comprising a plurality of aligned semicircular ribs arranged in spaced parallel relation with purlins extending transversely of the ribs at spaced intervals on the ribs and secured thereto. Corrugated wall sheets are attached to the said purlins on each side of the shelter, and, in a modification, independent corrugated roof sheets are mounted on the said purlins in such a manner that they overlap the upper edges of the wall sheets. In the main embodiment disclosed in this reference, the corrugated sheet metal is attached to the purlins in such a manner that the roof and side walls of the shelter form a substantially continuous surface. The corrugated sheathing members are curved to coincide with the curved shape of the framework formed by the said ribs, with the corrugations running in a direction normal to the direction of the purlins and parallel to the direction of curvature of the ribs. The purlins serve not only to mount the sheathing members but also serve to laterally brace the spaced ribs.

The patent to Brinker shows a building of familiar rectangular shape with a sloping roof having rafters which form the sloping roof frame. Attached to the rafters are purlins which extend transversely of said rafters and longitudinally with respect to the building as a whole. The roof comprises corrugated metal sheets which are attached to the purlins with the corrugations running in a generally vertical direction transversely of the purlins and parallel to the rafters. The side walls comprise corrugated sheets directly attached to vertical column members with the corrugations extending horizontally.

The patent to Buelow et al. shows a sheet metal structural element comprising flanged channel members having nail receiving slots very similar to that of appellants' semicircular ribs, as recited in claims 20 and 21, so that various types of material can be nailed directly to the said structural element.

The essential point of difference between appellants' device as recited in claim 23 and that of Goodrich lies in certain changes which appellants have made in the side wall structure. Appellants have eliminated the longitudinally extending purlins on the sides of the shelter, and instead of having the corrugations of the side wall sheathing members extending parallel to the semicircular ribs, those sheathing members have been secured directly to the ribs with their corrugations extending in a generally horizontal direction transversely of said ribs. According to appellants, this change in side wall structure is such that the corrugated sheathing members provide adequate lateral bracing support for the said ribs without the use of purlins on the sides of the shelter, thereby eliminating some of the purlins.

The examiner, in rejecting claim 23, was of the opinion that it would not be patentable to arrange the side wall sheathing of Goodrich with corrugations extending laterally and directly fasten them to the semicircular ribs in view of the teaching of Brinker wherein a construction of similar nature is utilized. The board affirmed the above holding of the examiner stating that it was of the opinion that the modification of the Goodrich structure in this manner was clearly suggested by Brinker and would produce no new or unexpected results. With respect to claims 20 and 21, the examiner was of the opinion that it would not be inventive to form the ribs of a structural element having nail receiving slots because the use of such an element is old and well known as taught by Buelow et al. The board also sustained this rejection for substantially the same reasons advanced by the examiner.

One of appellants' contentions appears to be that the horizontal arrangement of the side wall sheathing members in the Brinker patent was incidental because, according to appellants, no particular reason is given in that patent for such an arrangement. Apparently appellants presented a similar argument to the board, for in its opinion the board states as follows:

"* * * Appellants contend that no reason is given for arranging the flat corrugated sheets as shown in the patent to Brinker. The particular disposition of the corrugations in the

roof and side walls in the Brinker patent is not incidental. On page 1, column 1, lines 22 to 26, the patentee, Brinker, states that the side wall structure is 'reinforced by the application and securing thereto of horizontally corrugated metal sheets.' (Emphasis added). Throughout the entire specification of the Brinker patent the corrugations of the side wall sheathing members are described as extending *horizontally*. It appears from the Brinker patent that the reinforcing and strengthening effect due to the horizontal disposition of the corrugations is appreciated and is utilized. * * *" [Italics quoted.]

We have carefully examined the Brinker patent disclosure and agree with this statement of the board. Therefore, we think this contention is without merit.

 It is well settled that claims may be properly rejected on a combination of several patents taking specific features from each. It is not necessary that a complete disclosure be contained in a single reference. In re Kaufmann, 193 F.2d 331, 39 C.C.P.A., Patents, ——, and cases cited. therein.

That a new combination of old elements or features may be patentable is well settled. But not all such combinations are patentable. If a new combination of old elements or features is to be patentable, the elements must co-operate in such a manner as to produce a new, unobvious, and unexpected result. Such a combination, to be patentable, must amount to an invention since utility and novelty are not sufficient to support allowance of claims for a patent in the absence of invention. In re Lindberg, 194 F.2d 732, 39 C.C.P.A., Patents, ——.

It appears to us that the art of record clearly shows that the respective features used by appellant are old *per se*. Hence, as we see it, the essential question with respect to claim 23 is whether appellants' change in the prior art side wall construction shown by Goodrich involves invention when considered in the light of the teachings by Brinker. Claims 20 and 21 involve the further question of wheth-

er it is inventive to use rib members having a nail receiving structure substantially like that shown in Buelow et al.

We agree with the board that in view of the prior art disclosures in the Goodrich and Brinker patents appellants have not exercised invention in producing a shelter with the wall structure recited in claim 23. The old and known elements and features which appellants have utilized do not, in our opinion, perform any new or unexpected functions in their claimed shelter and the results obtained do not impress this court as being unobvious or unexpected.

With respect to claims 20 and 21, we think that the use of a nail receiving structural element such as shown in Buelow et al. for the semicircular ribs of the frame in appellants' shelter involves no more than the use of such a member in a type of application for which it was intended. We consider this to be a matter of mechanical skill rather than invention. In view of this, we concur with the action of the board sustaining the examiner's rejection of these claims.

In view of the foregoing, the decision of the Board of Appeals as to claims 20, 21, and 23 is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate herein.