Johnson, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the holding of the Primary Examiner rejecting, as unpatentable over the prior art, claim 20 of appellant’s application for a patent for “Individually Frozen Eggs and Process of Making the Same.”
Claim 20, the only claim on appeal, relates to a method of quick-freezing a whole egg, with its yolk intact, which has been removed from its shell. Broadly, the method consists of the steps of removing the egg from its shell and placing it in a flexible air-impermeable container, and freezing it. The first two steps are performed in the presence of an inert gas, and the egg is sealed in the container while still in the presence of the inert gas. The egg in the sealed container is then frozen. It appears that the purpose of using the inert gas environment to perform the process is to exclude atmospheric oxygen which has a deleterious effect on eggs.
Claim 20 reads as follows:
20. Tbe process of freezing an individual egg, comprising inserting said egg in tbe raw state witb its yolk intact and without its shell into a flexible air-impermeable container, in tbe presence of an inert gas displacing atmospheric oxygen, sealing said container, thereby enclosing said egg in said inert gas out of contact with atmospheric oxygen and freezing said egg in said container.
The references relied on are:
Nierinek___ 2, 001, 628 May 14, 1935
Damuth_ 2, 525, 096 [1] Oct. 10, 1950
White (British)-346,031 Apr. 1,1931
The Damuth patent relates to a method for preserving whole eggs, with intact yolks, which have been removed from their shells. It is stated in the Damuth. specification that “The principle thought involved in the present invention is to protect an egg when removed from *990 its shell from the oxidizing effect of air by enclosing the egg in an area devoid of oxygen and sealing the area.” Claim 6 of the Damuth patent succinctly sets forth the process, and is therefore quoted in its entirety as follows:
6. The method of preserving a fresh egg in storage, which consists in removing the egg from its shell in, an unbroken condition, placing the single egg without its shell in a transparent, flexible case of impervious material, said case having an open end and a capacity substantially equal to the mass of the egg, pressing the sides of the case to urge the egg contained therein upwardly towards the open end to discharge any air which may be contained therein out of the case, hermetically sealing the case while the egg is in its upper position and the air is removed therefrom, and then deep-freezing the egg while in its case.
The Nierinck patent relates to a method for preserving foodstuffs, including eggs in tlieir shells. The portion of this patent which is pertinent to the present case teaches the placing of unbroken eggs in an autoclave which is evacuated for the purpose of “withdrawing the oxygen from the air chamber of the eggs and the oxygen which is dissolved in the liquid of the eggs.” Evidently this can be done by virtue of the fact that diffusion is possible through the egg shells because of their permeable nature. After the evacuation of the oxygen, an inert gas such as nitrogen, which is not detrimental to eggs, is forced into the autoclave under pressure, and this gas is allowed to diffuse through the shell and into the liquid of the eggs. The eggs, thus treated, can then be removed to a cooled chamber for storage.
The White patent relates to a method of making an egg product which can be preserved for a reasonable period of time. The method consists of treating liquid egg material (beaten egg yolks or beaten yolks and whites) by adding a freezing point depressant, which will lower the freezing point of the egg material, and subjecting the product to a refrigerating temperature above the freezing point of the mixture but below the freezing temperature of the untreated egg material. The purpose of adding the freezing point depressant is to prevent the extreme viscosity which is inherent in the freezing of eggs. That is, the eggs may be maintained at freezing temperatures without becoming solid. It is further stated in the patent that the container holding the treated egg material, prior to being subjected'to low temperatures, may be subjected to a vacuum to remove air from the egg material and from the container since the air would impair the flavor of the egg material during storage. The air, which is removed, is replaced with an inert gas such as carbon dioxide or nitrogen.
The Primary Examiner rejected claim 20 as being unpatentable over (1) Damuth, and (2) Damuth in view of Nierinck. The substance of the first rejection is that Damuth teaches all of the steps of claim 20 except the use of an inert atmosphere, but since Damuth *991 teaches the elimination of air from the container containing the egg, he teaches the use of non-oxidizing conditions. The examiner further stated in this respect that the use by applicant of an inert atmosphere is the equivalent of Damuth’s procedure of maintaining non-oxidizing conditions. With respect to the second rejection, the examiner stated that the use of nitrogen as an inert medium for preserving foodstuffs, particularly eggs, is conventional, as shown in the Nierinck patent. He further stated that “the concept of employing nitrogen for the preservation of raw eggs in the instant case clearly fails to rise to the dignity of invention.”
The Board of Appeals affirmed the rejection of claim 20 on Damuth, and, as it appears from the record, also sustained the rejection on Damuth in view of Nierinck. The reasons given were substantially the same as those given by the examiner. The board also pointed out the teaching of the White patent to the effect that inert gases are used in preserving egg material. It appears that the substance of the board’s reasoning in sustaining the examiner’s rejections was that since appellant does not obtain any unobvious result by packaging the egg in the presence of nitrogen, and since it is “so old and common to eliminate the presence of air from packaged foods, including shelled and unshelled eggs by surrounding them with nitrogen, it involves no invention to use this expedient in conjunction with packaging of shell-less frozen eggs, the yolks of which are intact.”
The primary issues before us on appeal are whether the secondary references, White and Nierinck, were properly combined with the primary reference, Damuth, for rejecting claim 20; and whether the claim is unpatentable over Damuth, taken by itself. ,
It is often a perplexing question when features of various references are combined to determine whether their combination would have occurred to the person skilled in the art, or whether the combination of references was made only after applicant’s teaching was known.
However, one criterion has been formulated in the past for aiding in the determination of this question. This criterion was reiterated recently in our recent case of In re Demarche, 42 C. C. P. A. (Patents) 793, 219 F. (2d) 952, 105 USPQ 65, as follows:
It is well settled that prior patents may be combined to anticipate claims. In re Delancey, 37 C. C. P .A. (Patents) 760, 177 F. (2d) 377, 83 USPQ 388. However, one limitation which should be considered when references are combined is whether these references suggest doing the thing which applicant has done. In re Fridolph, 30 C. C. P. A. (Patents) 939, 134 F. (2d) 414, 67 USPQ 122.
The criterion set forth in In re Fridolph, supra, was again used in In re De Taney, 38 C. C. P. A. (Patents) 735, 185 F. (2d) 679, 88 USPQ 97. It has also been stated by this court that although no single *992 reference discloses fall the steps of the claimed method, there is no¡ disqualification of the references as a basis for rejection of the claims where there is no invention in combining the steps appropriated or suggested by the prior art. In re Larkin,, 38 C. C. P. A. (Patents) 896, 187 F. (2d) 645, 89 USPQ 71.
We are of the opinion that the foregoing law is particularly applicable to the present case, and that the combination of references meets the tests set forth therein. ■ More specifically, the Damuth patent teaches the preservation of whole eggs, with their yolks intact, by freezing them in individual containers from which air has been eliminated. The only material difference between the process recited in the appealed claim and the Damuth teaching is that applicant eliminates air by using an inert atmosphere whereas Damuth eliminates air by squeezing the individual containers prior to sealing. There is a recognition in Damuth that air is harmful to eggs. The secondary references also show a recognition of the fact that air is harmful to eggs which are to be stored, and propose as a solution the use of inert gases to replace air. We are of the opinion that the secondary references would have readily suggested to one skilled in the art that the process of Damuth could be carried out in an inert atmosphere'in order to avoid the deleterious effect of air on eggs. We are especially of this opinion for the reason that all of the cited patents relate to the same general art, and for the further reason that the use of inert gases for aiding in the preserving of eggs seems to be a common expedient in that art. In short, it is our opinion that appellant has done nothing more than combine the teachings available in the art in a manner which would have occurred to one skilled in the art; he is therefore not entitled to patent protection.
Since the rejection on the combination of references must be sustained, there is no need to consider the other ground of rejection, namely, on Damuth taken individually. In re Miller, 34 C. C. P. A. (Patents) 910, 159 F. (2d) 756, 72 USPQ 512.
We have carefully considered appellant’s brief and the cases cited therein. However, we are of the opinion that the foregoing application of the law is determinative of the issues in the present case, and that the other points raised by appellant need not be specifically answered, nor need the cited cases be specifically discussed.
For the foregoing reasons, the decision appealed from is affirmed.
JacksoN, J., retired, participated for Gareett, C. J.

 Riled May 20, 1946.